Commonwealth *v.* Sheeley, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Clarence B. Turns, Jr.,* Assistant Public Defender, for appellant.

*Gaylor Dissinger* and *Marion E. MacIntyre,* Deputy District Attorneys, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., September 23, 1974:
Appellant was convicted by a jury of aggravated robbery, larceny, attempt with intent to murder, use of

a firearm in a crime of violence, and resisting arrest. On this appeal he contends that his convictions must be reversed and the charges against him dismissed because he was not given a speedy trial as required by the Sixth Amendment.[1] Although the decision is a close one, we reject appellant's contention.

On the morning of September 16, 1968, appellant and three other men assaulted a Deputy United States Marshal and prison guards in the Northumberland County jail and escaped. The Marshal was returning appellant and one of the other men from New Orleans, Louisiana to Newark, New Jersey to stand trial on federal charges of bank robbery. Appellant and his three companions fled in the Marshal's car but within a few hours appellant was caught in Dauphin County. During their flight the men robbed one Bertha Witmer, stole her car, and shot at a police officer, and it was these activities that led to the charges here at issue. On September 18, 1968, appellant was released into the custody of the United States Marshal for Newark. The Dauphin County authorities continued to press their charges against appellant, and on October 10, 1968, appellant was indicted. On November 12, 1968, and on January 8, 1969, the Sheriff of Dauphin County filed detainers on the indictments with the United States Marshal in Newark. No attempt was made, however, to bring appellant to trial.

It is not possible to obtain from the record a complete account of the federal proceedings against appellant. It appears that on September 17, 1969, as a result of a guilty plea, appellant was sentenced by a judge of the United States District Court for New

---

[1] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." This provision is applicable to the states. *Klopfer v. North Carolina,* 386 U.S. 213 (1967).

Jersey on the bank robbery charge. On June 8, 1970, as a result of a guilty plea, appellant was sentenced by a judge of the United States District Court for the Middle District of Pennsylvania (sitting in Lewisburg) on charges of assault with a deadly weapon, escape, and conspiracy, these charges also arising from appellant's activities during his flight on September 16, 1968. For reasons not appearing, on April 27, 1971, appellant was permitted to withdraw his plea on the bank robbery charge. Subsequently he made a valid plea, and on September 8, 1972, he was sentenced for the bank robbery. Appellant's total sentence from both federal courts was twenty-four years. It does not appear where appellant was confined from September 18, 1968 (when the Dauphin County authorities released him to the United States Marshal) until September 8, 1972.

On November 20, 1972, while at the federal reformatory in Marion, Illinois, appellant petitioned the Court of Common Pleas of Dauphin County for dismissal of the indictments pending against him on the ground that he had not been given a speedy trial. The District Attorney treated appellant's motion as if it were a request for a trial within 180 days, made under the Agreement on Detainers, Act of Sept. 8, 1959, P. L. 829, No. 324, §1, 19 P.S. §1431,[2] and replied that he was prepared to

---

[2] Section (a) of Article III of the Agreement states: "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment . . . on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment. . . ."

bring appellant to trial within that time. On January 8, 1973, the Dauphin County court directed the District Attorney to do so, whereupon appellant was returned to the custody of the Dauphin County authorities on January 23, 1973, and was tried on April 4, 1973.

In determining whether a defendant's right to a speedy trial has been violated, it is first necessary to consider the length of the delay. If the delay is so long as to be "presumptively prejudicial," it acts as a "triggering mechanism." It then becomes necessary to engage in the "difficult and sensitive" process of balancing against the delay the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant resulting from the delay. *Barker v. Wingo,* 407 U.S. 514, 530 (1972). *See also Commonwealth v. Hamilton,* 449 Pa. 297, 297 A. 2d 127 (1972). *See generally* Comment, The Speedy Trial Guarantee: Criteria and Confusion in Interpreting Its Violation, 22 DePaul L. Rev. 839 (1973).

In the present case it appears that after appellant's request to the Dauphin County court that the indictments against him be dismissed, the District Attorney took prompt action to bring appellant to trial. Before that time, however, the District Attorney did nothing in that direction. Between appellant's arrest[3] and trial there was a period of a bit over four and one-half years. A delay of this length is sufficient to trigger further inquiry. *See Commonwealth v. Jones,* 450 Pa. 442, 299 A. 2d 288 (1973) (delay of over two and one-half years sufficient to require inquiry).

The District Attorney in his brief offers the following explanation for the delay: "[A]fter appellant . . . was arrested and incarcerated in Dauphin County, he

---

[3] Appellants Sixth Amendment right to a speedy trial attached upon his arrest. *See United States v. Marion,* 404 U.S. 307 (1971).

was released to federal authorities to stand trial on bank robbery and escape charges, and it was the pendency of the various stages of these federal prosecutions which caused the appellant to be unavailable to the Commonwealth for trial during that period until the appeals were finalized in September of 1972."

A similar argument was advanced in *Commonwealth v. Horne*, Mass. Advance Sheets (1973) 17, 291 N.E. 2d 629 (1973). The delay there totaled two years and four months. During that time the defendant was involved in proceedings in federal courts in Tennessee and Kentucky. Said the Massachusetts Supreme Court: "[M]ost of the delays in the instant case came from the fact that there were contemporaneous Federal proceedings against the defendant which made it impractical for the Commonwealth to obtain the defendant's presence in Massachusetts without disrupting these concurrent Federal proceedings. Our review of the facts leads us to conclude that the Superior Court judge was warranted in finding that '[n]o evidence appeared before me that it was practical or even possible during this period for the Massachusetts authorities to obtain the custody of the defendant for a sufficient number of weeks or months to accomplish the trial of the Massachusetts indictments.' "

"Thus, we conclude that the delay in the defendant's trial . . . was justified by the Commonwealth's decision to defer trial of the defendant until two contemporaneous Federal trials on unrelated Federal indictments had been completed. Such deference to another jurisdiction appears to be reasonable where different jurisdictions have indicted the same individual for different crimes. In this case, the Commonwealth's decision to defer to the jurisdiction that had immediate custody of the defendant was reasonable and does not constitute an unreasonable denial of a speedy trial. . . ." *Id.* at 23-24, 291 N.E. 2d at 634-35.

In some respects the argument advanced here is not so strong as in *Horne*. The federal proceedings here were not so far away as in *Horne*. In terms of travel distance and time it was probably feasible to transport appellant from Newark or Lewisburg to Dauphin County for trial. In fact, appellant's trial (including jury deliberation) took only two days. Surely such a short trial could have been squeezed in sometime during the four years. On the other hand, the deference given federal authorities is as understandable here as it was in *Horne*. Since appellant had escaped from federal custody it was fitting that he first be tried on the charge for which he had been in custody, and also on the federal charges arising out of his escape. It also appears that the proceedings as to the bank robbery charge were drawn out as a result of appellant's motion for withdrawal of his plea. In sum, although the District Attorney might well have acted more promptly to bring appellant to trial, his explanation for not doing so is reasonable.

With respect to the factor of a defendant's assertion of his right to a speedy trial, the Court said in *Barker v. Wingo, supra* at 531-32: "The strength of [a defendant's] efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Here, appellant asserted his right to a speedy trial only once during the four year delay, *i.e.,* when he petitioned the Dauphin County court for dismissal.

The remaining factor to be considered is the prejudice to appellant resulting from the delay. While it

is not necessary that there be "an affirmative demonstration of prejudice," *Moore v. Arizona,* 414 U.S. 25 (1973), an apparent absence of prejudice may weigh in the balance. Here, appellant's claim of prejudice is weak. In his brief he notes that the pendency of charges can affect a prisoner's ability to participate in rehabilitative, vocational or educational programs, but he cites no facts showing that he was handicapped in this regard by the outstanding Dauphin County charges. He does claim that the outstanding charges caused him "growing anxiety and concern" during the four year period, but his failure for so long a time to assert his right to a speedy trial suggests that his anxiety and concern were not great. Finally, he contends that because of the delay a key witness was unable to give identification testimony and that the trial court therefore permitted the admission of evidence of other crimes committed by appellant.[4] According to appellant this ruling was unexpected and nullified his trial preparation. It is not clear, however, either that the witness's inability to give identification testimony was caused by the delay or that the judge's ruling was unexpected. The witness testified that she had stated shortly after the robbery that she could not identify all of the persons who robbed her. In any event, we can see no effect the delay had on appellant's ability to present a defense.

---

[4] These other crimes were committed by appellant in Northumberland, Juniata and Mifflin Counties during his flight on September 16, 1968. Appellant has also argued that admission of this evidence was erroneous. This argument is without merit. Evidence of the entire chain of appellant's activities from the time he escaped from the Northumberland County Jail until his capture in Dauphin County tended to establish that it was appellant who robbed the victim who was unable to give identification testimony. *See Commonwealth v. Wable,* 382 Pa. 80, 114 A. 2d 334 (1955) (evidence of other crimes admissible to prove identity).

When we balance the presumptive prejudice to appellant resulting from the four and one-half year delay against the District Attorney's explanation for the delay, appellant's single late assertion of his right to a speedy trial, and the absence of prejudice to appellant, we conclude that appellant's right to a speedy trial was not violated.

The judgments of sentence are affirmed.