363 A.2d 1316
**COMMONWEALTH of Pennsylvania**
v.
**Paul BLACKWELL, Appellant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

David Rudovsky (Court Appointed), Philadelphia, for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, Paul Blackwell, was arrested and indicted on a murder charge involving the stabbing death of one Wade Ford on the night of September 27, 1974. Appellant was also indicted on an assault charge concerning a stabbing occurring on that same night of one Charles Hopson. Appellant was found not guilty on the murder charge, but was found guilty of the assault charge and sentenced to a term of imprisonment of nine months to five years. This appeal followed.

The essential facts relating to the appeal on this assault charge are based primarily on the testimony of the victim, Charles Hopson, age eighteen. On the night in question, at approximately 11:00 P.M., Charles Hopson was walking in the company of Wade Ford and Michael Shillwell, on Fortieth Street near Warren Street, in Philadelphia, Pennsylvania. Hopson stated to his two companions at that time that he was going home. As Hopson left, Wade Ford and Michael Shillwell continued on to the intersection of Fortieth and Warren Streets. When Hopson crossed Fortieth Street, appellant approached and asked Hopson if he remembered him. Appellant told Hopson that he would teach Hopson "not to say nothing to Aspen Street no more." After words were exchanged between Hopson and appellant, appellant stabbed Hopson several times in the shoulder, chest and side. Hopson ran from the scene, collapsed, and awoke in Presbyterian Hospital. (Other witnesses testified that Wade Ford then chased appellant, which led to an ensuing fight between Ford and appellant, resulting in Ford's death.)

At appellant's trial, without a jury, it was established that Hopson had known the appellant for about eighteen months, as appellant and Hopson were members of rival

gangs in West Philadelphia and had fought with each other on prior occasions.

Appellant's sole contention is that it was error to permit testimony with respect to appellant's gang membership. This contention is without merit.

Appellant's argument is based upon the general rule that evidence of prior criminal conduct or bad character is inadmissible against a defendant in a criminal trial. *Commonwealth v. Fortune,* 464 Pa. 367, 346 A.2d 783 (1975); *Commonwealth v. Peterson,* 453 Pa. 187, 307 A. 2d 264 (1973). We would also accept appellant's statement that the general rule has been expanded to exclude certain evidence from which that prior criminal conduct or bad character could be reasonably *inferred. Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972). See also *Commonwealth v. Clark,* 453 Pa. 449, 309 A.2d 589 (1973); *Commonwealth v. Groce,* 452 Pa. 15, 303 A.2d 917 (1973); and *Commonwealth v. Bunch,* 454 Pa. 365, 311 A.2d 632 (1973).

However, the evidence admitted in the instant case does not fall under the prohibition of the general rule cited above. The state of mind of a defendant at the time he committed a criminal act is always relevant, and evidence to prove motive, intent, plan or design, ill will or malice is admissible. *Commonwealth v. Glover,* 446 Pa. 492, 286 A.2d 349 (1972).

In the cases cited by appellant, the evidence of prior criminal activity was excluded because the prior conduct sought to be introduced was unrelated to the offense for which the defendant was on trial, or had no legitimate evidentiary purpose which would justify its admission into evidence. Thus, in those cases the evidence failed because it was introduced solely for the improper purpose of showing the accused had a criminal disposition or propensity to commit criminal acts. Any limited probative value of evidence introduced for such an improper purpose was deemed outweighed by its presumed effect "to

predispose the minds of the jury to an extent that it would unduly overshadow the presumption of innocence." *Commonwealth v. Gullett,* 459 Pa. 431, 440, 329 A.2d 513, 517 (1974). See also *Commonwealth v. Allen,* supra.

The instant case is free from such an effect on a jury for the obvious reason that appellant's trial was non-jury, and as such his presumption of innocence was maintained. Compare *Commonwealth v. Conti,* 236 Pa.Super. 488, 345 A.2d 238 (1975). Furthermore, the evidence of appellant's prior gang related activity was admissible under exceptions to the general rule, since the prior conduct was directly related to and of the same nature as the offense for which the defendant was on trial. *Commonwealth v. Faison,* 437 Pa. 432, 264 A.2d 394 (1970) ; *Commonwealth v. Burdell,* 380 Pa. 43, 110 A.2d 193 (1955). Evidence that appellant knowingly took part in on-going gang activity, consisting of open hostility with members of rival gangs, was certainly of substantial probative value concerning appellant's intent when he stabbed the victim, Charles Hopson. That the evidence was admitted for this proper purpose is apparent from the opinion of the court below as follows :

"The membership of the defendant, Hopson and Ford, in various gangs was an integral aspect of the situation in which all three were involved on September 27, 1974 and was material to an understanding of the case. To have excluded all mention of gangs would have deprived the fact finder of a true understanding of the underlying motives, which caused this incident. But mention of specific past instances of gang activity were consistently excluded by the court, on objection by defendant, as were irrelevant details of gang organization, on objection of the Commonwealth."

Moreover, that the trend is moving toward a less stringent application of the rule prohibiting evidence of prior criminal conduct is apparent in a concurring opinion by

Justice Roberts, in the recent decision of *Commonwealth v. Brown*, 462 Pa. 590, 342 A.2d 84 (1975):

"I am unable to agree that 'generally evidence of crimes other than the one for which the defendant is being tried is not admissible, [with] certain well-defined exceptions . . . .' Ante at 90. The traditional 'rule' of exclusion is so riddled with vague and overlapping 'exceptions' that it would be more enlightening and more candid to say that the 'exceptions' have become the rule and the traditional 'rule' is an exception. Therefore, in my view, '[e]vidence of other offenses may be received if relevant for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime.' *Commonwealth v. Boykin*, 450 Pa. 25, 33, 298 A.2d 258, 262 (1972)." See also *United States v. Stirone*, 262 F.2d 571 (3rd Cir. 1958); accord. Fed.R.Evid. 404(b).

Judgment affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.