397 A.2d 2

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Donald Loy DETRIE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1978.

Decided Jan. 18, 1979.

William M. Kern, Assistant Public Defender, New Bethlehem, for appellant.

Phillip L. Wein, District Attorney, Clarion, for Commonwealth, appellee.

Before CERCONE, HOFFMAN and WIEAND, JJ.

WIEAND, Judge:

On April 25, 1976, Donald Loy Detrie, appellant, escaped from the Clearfield County Prison with four other prisoners. He took with him a .38 calibre revolver and four cartridges which had been kept in a cabinet at the prison. On May 1, 1976, appellant and John Clair Lantzy, one of the escapees, stole a 1969 Ford in Clarion County. During the evening

hours of the same day the stolen vehicle was observed by Cpl. David M. Hauser of the Pennsylvania State Police. When he approached the vehicle for the purpose of investigating an apparent traffic violation, shots were fired at him from the car, which then sped away. On May 4, 1976, Detrie and Lantzy entered the home of Conrad and Coya Lam in Venango County, where they held the occupants hostage for several hours. During this time Detrie and Lantzy made statements which incriminated themselves in the shooting in Clarion County and disclosed their intent. They then commandeered the Lam family vehicle, in which they were apprehended later the same day.

Appellant was tried in Clarion County and convicted of attempted homicide, carrying a firearm without a license, recklessly endangering another person, and theft of an automobile. Following the denial of post trial motions and the imposition of sentence, he appealed to this Court. He argues that it was error to permit the prosecuting attorney to refer to and offer evidence of his, Detrie's, escape and theft of a weapon from the prison in Clearfield County. He also contends that evidence of his conduct in the Lam home and the statements there made should have been excluded because they were inseparable from additional crimes there committed. We find no merit in these arguments and affirm.

■ Appellant's escape from the Clearfield County Prison and the theft of a .38 calibre revolver were relevant as a part of the history leading up to and the natural development of those crimes for which appellant was tried in Clarion County. Evidence of prior criminal conduct was admissible because it "formed a part of a chain, or was one of a sequence of acts, or became part of the history of the event on trial, or was part of the natural development of the facts." *Commonwealth v. Brown*, 462 Pa. 578, 591, 342 A.2d 84, 90 (1975); *Commonwealth v. Edwards*, 318 Pa. 1, 178 A. 20 (1935); *Commonwealth v. Williams*, 307 Pa. 134, 160 A. 602 (1932); *Commonwealth v. Showalter*, 231 Pa.Super. 278, 332 A.2d 456 (1974); *Commonwealth v. McKenna*, 206 Pa.Super. 317, 320, 213 A.2d 223, 225 (1965).

This evidence of prior criminal activity was also relevant and admissible to show motive for committing the offense for which appellant was being tried. *Commonwealth v. Coyle*, 415 Pa. 379, 203 A.2d 782 (1964); *Commonwealth v. Fishel*, 251 Pa.Super. 528, 380 A.2d 906 (1977); *Commonwealth v. Blackwell*, 242 Pa.Super. 367, 363 A.2d 1316 (1976); *Commonwealth v. Williams*, 230 Pa.Super. 72, 327 A.2d 367 (1974); *Commonwealth v. Albert*, 198 Pa.Super.Ct. 489, 182 A.2d 77 (1962). His escape and flight from the Clearfield County Prison were relevant to demonstrate that he had a reason for stealing an automobile in Clarion County and for shooting at a policeman who approached the vehicle to investigate an apparent traffic violation.

Finally, in connection with charges involving the carrying and using of a firearm, it was relevant to demonstrate the source and manner in which appellant acquired the weapon which he was accused of carrying and using. Indeed, possession of the stolen .38 revolver was an essential element of the Commonwealth's proof.

The prosecuting attorney exercised commendable caution in placing before the jury appellant's conduct and statements in Venango County. Thus, reference to the events occurring while the occupants of the Lam home were being terrorized by appellant and Lantzy was avoided. Even the fact that Mrs. Lam and several children had been held hostage was not the subject of direct Commonwealth evidence. Mrs. Lam testified that when appellant and his companion entered the Lam home, they "told us they had killed a cop," and they demonstrated the manner in which they had accomplished the shooting. This was relevant testimony and was properly received. It was also proper for the Commonwealth to show that appellant and his accomplice, in their continuing efforts to avoid apprehension, had commandeered the Lam family vehicle. All of this evidence was relevant to establish appellant's identity as the person who was involved in the firing of shots at Cpl. Hauser. *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955); *Commonwealth v. Fishel*, supra; *Commonwealth v. Sheeley*, 230 Pa.Super. 160, 167 (note 4), 326 A.2d 574, 577 (1974).

Under the foregoing circumstances, it is clear that the probative value of placing the entire picture before the jury outweighed by far any risk of unfair prejudice to appellant. The events in Clearfield and Venango Counties were essential to a jury's comprehension of appellant's criminal acts in Clarion County. The risk of prejudice, moreover, was minimized by the trial court's cautionary instructions that the jury should not and could not find appellant guilty of crimes charged in Clarion County merely because of criminal activities in other counties.

Finally, there is no merit in appellant's argument that the prosecutor was guilty of misconduct when, during his opening remarks to the jury, he made reference to appellant's prior escape in Clearfield County and his subsequent conduct in Venango County. We have already held that evidence of these events was properly received. A fortiori, it was proper for the prosecutor to refer to such evidence during his opening outline of the Commonwealth's evidence.

We perceive no error in the trial court's rulings on evidence and no misconduct on the part of the prosecutor. The judgment of sentence, therefore, is affirmed.

CERCONE, J., concurs in the result.