468 A.2d 1127

**COMMONWEALTH of Pennsylvania**

v.

**Marvin YOUNG, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 5, 1983.

Filed Dec. 16, 1983.

Harold Diamond, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Marvin Young was tried nonjury and was found guilty of intimidating a witness or victim. On direct appeal from the judgment of sentence, Young contends that the evidence was insufficient to support the verdict and that the trial court erred in receiving evidence of prior criminal activity. There is no merit in these contentions; and, therefore, we affirm the judgment of sentence.

On July 23, 1980, Alexander Jefferson was shot in the back. Police arrested Young and charged him with the shooting. At the preliminary hearing, Young attempted to persuade Alexander not to testify, suggesting that they settle out of court. Jefferson declined to accommodate Young. In March, 1981, prior to trial, Young spoke to

Jefferson on the telephone. He again suggested that they settle their differences out of court. He said: "I am warning you. We can settle this any other way besides in the white man's courtroom. I am warning you I am a sharpshooter in the service." Young told Jefferson that he could shoot him from a distance of two blocks, and it was best that Jefferson not show up in court. He also told Jefferson to keep his brother out of it and indicated that Jefferson's brother could be taken care of also. Finally, Young said: "If you don't want anymore bloodshed you better not show up in court."

The Crimes Code, at 18 Pa.C.S. § 4952(a) provides:

A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

. . . . .

(3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

. . . . .

(5) Elude, evade or ignore any request to appear or legal process summoning him to appear to testify or supply evidence.[1]

■ The evidence in this case was sufficient to permit the fact finder to infer that appellant had done more than express a desire to settle his differences with Jefferson and, in fact, had threatened Jefferson in order to intimidate Jefferson to absent himself from appellant's trial and withhold evidence. This was sufficient to sustain the conviction. Cf. *Commonwealth v. Vitacolonna*, 297 Pa.Super. 284, 443 A.2d 838 (1982); *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979).

---

**1.** This section repealed and superseded 18 Pa.C.S. § 4907, which made it a criminal offense to attempt to "induce or otherwise cause a witness or informant to ... withhold any testimony, information, document or thing except on advice of counsel ...."

■ There also is no merit in appellant's contention that the trial court erred by receiving testimony of the original shooting. The shooting of Jefferson and the bringing of criminal charges against appellant because of the shooting were both relevant and material to prove the charge that appellant had attempted to intimidate the victim thereof. As such, the evidence of the earlier shooting was properly received. See: *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982); *Commonwealth v. Miller,* 303 Pa.Super. 504, 450 A.2d 40 (1982); *Commonwealth v. Detrie,* 263 Pa.Super. 75, 397 A.2d 2 (1979); *Commonwealth v. Markle,* 245 Pa.Super. 108, 369 A.2d 317 (1976). The Commonwealth was not required to try its case in a vacuum; It could show not only that Jefferson had been the victim of a crime but also that he had been in possession of relevant information concerning the crime when an attempt was made to intimidate him.

The judgment of sentence is affirmed.