412 A.2d 629

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Thomas FREY.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Oct. 19, 1979.

Petition for Allowance of Appeal Denied March 24, 1980.

James J. Narlesky, Assistant District Attorney, Easton, for Commonwealth, appellant.

Peter Rybak, Bethlehem, for appellee.

Before HESTER, HOFFMAN and CATANIA,* JJ.

HOFFMAN, Judge:

Appellant, the Commonwealth, contends that the post-verdict court erred in granting appellee's motion in arrest of judgment. We disagree and, accordingly, affirm.

A jury convicted appellee of unauthorized use of an automobile. The undisputed evidence showed that appellant sat in the passenger seat while a friend drove the car he had stolen. The Crimes Code provides:

"Unauthorized use of automobiles  .   .   .

"(a) Offense defined.—A person is guilty of a misdemeanor of the second degree if he operates the automobile  .   . of another without consent of the owner."

18 Pa.C.S.A. § 3928 (Supp.1978–79). The post-verdict court construed this provision to require for conviction actual operation of the automobile, not mere usage. *See Commonwealth v. Taylor,* 69 D. & C.2d 748 (1974). Because the evidence failed to show that appellee had operated the automobile, the court granted the motion for arrest of judgment and discharged appellee.

The Commonwealth concedes that § 3928 requires for conviction operation of the automobile and that the evidence

---

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, is sitting by designation.

showed that appellee had not operated the automobile. The Commonwealth argues, however, that appellee was properly convicted as an accomplice of the actor, *see* 18 Pa.C.S.A. § 306, even though he was not charged with complicity. The post-verdict court correctly rejected this argument. At trial, the Commonwealth did not request an instruction on accomplice liability and the trial court did not provide one. Appellee's conviction cannot be sustained upon a legal theory of which he had no notice and of which the jurors were unaware. *See Commonwealth v. Garrison,* 478 Pa. 356, 374–376, 386 A.2d 971, 980–981 (1978) (plurality opinion) (due process requirement of notice to defendant of all charges); *cf. Commonwealth v. Warin,* 484 Pa. 555, 400 A.2d 588 (1979) (conviction reversed where trial court failed to inform jury of relevant legal theory); *Commonwealth v. Komatowski,* 347 Pa. 445, 32 A.2d 905 (1943) (conviction invalid where crime was not charged or a necessary element of any crime charged); *Commonwealth v. Creamer,* 236 Pa.Super. 168, 345 A.2d 212 (1975) (allocatur refused) (where indictment charged only that defendant was principal actor in offense, county lacked jurisdiction over separate offense of complicity).

Order affirmed.[1]

---

1. We express no opinion upon the post-verdict court's statutory construction.