417 A.2d 681

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James Henry MARSHALL, III.**

Superior Court of Pennsylvania.

Argued Aug. 27, 1979.

Filed Dec. 21, 1979.

Stephen Harris, Assistant District Attorney, Doylestown, for Commonwealth, appellant.

Peter S. Thompson, Doylestown, for appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

On this appeal of the post-verdict court's grant of a new trial to appellee, the Commonwealth, as appellant, contends that: (1) appellee waived his right to challenge the trial court's failure to instruct the jury on involuntary man-

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

slaughter; (2) recent decisions of our Supreme Court requiring trial courts to instruct on involuntary manslaughter are inapplicable to the present case, and; (3) because there was no evidence to justify a jury finding of involuntary manslaughter, the post-verdict court erred in holding that the trial court was required to instruct the jury on involuntary manslaughter. Because we disagree with all of the Commonwealth's contentions, we affirm the order of the post-verdict court granting appellee a new trial.

Appellee James Marshall was charged with first and second degree murder in the shooting death of William Franklin in October, 1976. On March 18, 1977, after a jury trial, appellee was convicted of voluntary manslaughter. At trial, after both sides had rested, but before closing argument, the following exchange took place between counsel for appellee and the court:

"MR. WAITE [counsel for appellee]: Except that, your Honor, I do believe that when it comes time for the charge that I would ask that you charge on involuntary manslaughter.

"THE COURT: Involuntary?

"MR. WAITE: Involuntary manslaughter.

"THE COURT: No, I won't charge on that. I will tell you that right now. There is nothing in this case—in the first place, he is not indicted for involuntary manslaughter. The only case I know of is in a consolidated case or an attempt to consolidate that with a murder charge."

After closing arguments, counsel for appellee submitted a written request for an instruction on involuntary manslaughter which was refused as untimely. After the court had charged the jury, but before the jury retired, counsel again sought the instruction, at which time the following exchange ensued:

"MR. WAITE: For the purposes of protecting my record, I want to again request the charge on involuntary manslaughter.

"THE COURT: Yes, that is noted and refused."

Following the jury's verdict, appellee duly filed motions for a new trial and in arrest of judgment. Before argument thereon, the Pennsylvania Supreme Court announced its decisions in four cases which established at least a qualified right to a jury instruction on involuntary manslaughter in murder cases.[1] The post-verdict court subsequently directed the parties to submit briefs on the applicability of those cases to the present case. After briefs and argument, the court held that it had erred in refusing appellee's requested instruction on involuntary manslaughter and granted appellee a new trial. This appeal followed.

The Commonwealth first contends that appellee waived his right to challenge the failure of the lower court to instruct the jury on involuntary manslaughter by not submitting a timely written request for such an instruction. The Commonwealth cites Pa.R.Crim.P. 1119(a)[2] in support of this contention.[3] A close reading of Rule 1119 shows that the Commonwealth's position is incorrect.

■ Rule 1119(a), by its terms, provides that a party "*may* submit to the trial judge written requests for instructions to the jury." (emphasis added). Although the rule indicates a

---

1. *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977); *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977); *Commonwealth v. Ford*, 474 Pa. 480, 378 A.2d 1215 (1977); *Commonwealth v. Smith*, 474 Pa. 559, 379 A.2d 96 (1977).

2. Pa.R.Crim.P. 1119(a) provides:
   "Any party may submit to the trial judge written requests for instructions to the jury. Such requests shall be submitted within a reasonable time before the closing arguments, and at the same time copies thereof shall be furnished to the other parties. The trial judge shall charge the jury after the arguments are completed, and shall then rule on all written requests.

3. As additional support for its waiver contention the Commonwealth draws an analogy between Pa.R.Crim.P. 1119(a) and Pa.R.Crim.P. 1123(a) (requiring written post-verdict motions). We find this analogy unpersuasive. Our Supreme Court has clearly held that the provisions of Rule 1123(a) regarding written post-verdict motions are mandatory. *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978); *Commonwealth v. Blair*, 460 Pa. 31, 33 n.1, 331 A.2d 213, 214 n.1 (1975). *Per contra*, as noted later in the text of this opinion, the provisions of Rule 1119(a) regarding written requests for jury instructions are directory.

clear preference for written requests, nothing in the rule itself bars a trial judge from entertaining oral requests for instructions; nor do any cases so hold. Indeed, "[t]he provision permitting the submission of requested points for charge is not couched in mandatory terms, and a party is in no way bound by his failure to do so." *Commonwealth v. Bishop*, 472 Pa. 485, 489 n.2, 372 A.2d 794, 796 n.2 (1977). Accordingly, the fact that appellee's initial request for the involuntary manslaughter instruction was oral does not by itself constitute a waiver of objection to the court's refusal to so instruct.[4]

■ Rule 1119(b) provides that in order to assign as error an omission from the jury charge, a party must specifically object to such omission before the jury retires to deliberate.[5] Appellee clearly complied with this requirement when counsel sought an involuntary manslaughter instruction "for the purposes of protecting [his] record" immediately after the judge had finished giving his charge. Accordingly, we hold that appellee has not waived his right to challenge the omission of the requested involuntary manslaughter instruction.[6]

4. For purposes of our analysis, we deem appellee's oral notice to the court that he would seek an instruction on involuntary manslaughter "when it comes time for the charge" to be the functional equivalent of a present oral request for the instruction.

5. Pa.R.Crim.P. 1119(b) provides:
"No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury."

6. We note additionally that to find appellee's failure to timely file a *written* request for the involuntary manslaughter instruction to be a waiver of the issue would be particularly unfair here, where the trial court expressly informed counsel that it would refuse any such request. Appellee should not be barred from pursuing a legitimate claim for failure to perform what would have amounted to a vain gesture. This is especially so where appellee's *oral* request for the instruction was timely and made in the presence of the Commonwealth's attorney, who had ample opportunity to contest such request. If, as the Commonwealth contends, "the clear purpose" of Rule 1119(a) is to enable counsel for each side to prepare themselves to comment on requested instructions during closing arguments, certainly appellee's oral request accomplished that objective.

■ The Commonwealth next contends that the October, 1977, decisions in *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977), and its companion cases [7] changed the law concerning jury instructions on involuntary manslaughter and, therefore, should not be applied retroactively to the present case, which was tried in March, 1977. The Supreme Court definitively resolved this issue while rejecting the identical contention in *Commonwealth v. Warin*, 484 Pa. 555, 400 A.2d 588 (1979). There the Court stated:

Appellee argues that the rule announced in the *Polimeni-Garcia-Ford* trilogy should be applied only to cases in which trial commenced after October 7, 1977, the date upon which the *Polimeni, Garcia*, and *Ford* decisions were announced. Appellee's argument is premised upon the assumption that the *Polimeni-Garcia-Ford* trilogy changed prior law. This, we believe, is a false premise. These cases merely interpreted the 1972 Crimes Code, 18 Pa.C.S.A. § 101 *et seq.* (1973 & Supp. 1978–79), which changed the prior practice. Therefore, since the criminal act in the instant case was controlled by the 1972 Code, there is no question presented as to retroactivity. *See Commonwealth v. Dussinger*, 478 Pa. 182, 195, 386 A.2d 500, 506 (1978).

484 Pa. at 558 n.2, 400 A.2d at 589 n.2. Accordingly, *Polimeni* and its companion cases are applicable to the present case.

The Commonwealth last contends that the trial court was not required to instruct the jury on involuntary manslaughter because there were no facts in this case which would support a verdict of that offense. The 1972 Crimes Code, 18 Pa.C.S.A. § 101 *et seq.* (1973 & Supp. 1979–80) provides that:

A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person.

7. *See* note 2 *supra.*

18 Pa.C.S.A. § 2504(a).[8]  Our Supreme Court has yet to definitively delineate the circumstances under which trial courts in murder cases must give a jury instruction on involuntary manslaughter.  However, a majority of the Court has agreed that "a defendant who has been charged with murder is entitled on request to have the jury instructed on the elements of involuntary manslaughter at least where evidence is presented at his trial on which a verdict of that less serious offense could rationally be based." *Commonwealth v. Polimeni, supra,* 474 Pa. at 442, 378 A.2d at 1196 (Opinion of POMEROY, J.).[9]  Moreover, "in assessing the question of whether an involuntary manslaughter instruction should have been given, we must view the evidence in the light most favorable to the defendant. *Commonwealth v. Polimeni, supra,* 474 Pa. at 443, 378 A.2d at 1196; *Commonwealth v. Moore,* 463 Pa. 317, 321–22, 344 A.2d 850, 852 (1975)." *Commonwealth v. Terrell,* 482 Pa. 303, 307, 393 A.2d 1117, 1119 (1978) (Opinion of POMEROY, J.).

8.  18 Pa.C.S.A. § 302(b)(3) and (b)(4) define "recklessly" and "negligently" respectively as follows:

(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct.  The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

(4) A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct.  The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

9.  Justices O'BRIEN, ROBERTS and MANDERINO have gone even further and have expressed the opinion that a defendant is entitled upon request to an instruction on involuntary manslaughter in every prosecution for criminal homicide under the Crimes Code, 18 Pa.C. S.A. § 2501.  *See Commonwealth v. Garcia,* 474 Pa. 449, 378 A.2d 1199 (1977) (Opinion of ROBERTS, J., joined by O'BRIEN, J. and MANDERINO, J.).

■   Viewing the present case under the above standards, we find that appellee presented evidence at trial on which a verdict of involuntary manslaughter could rationally be based.  Both appellee and a witness for the defense testified that they saw the victim draw a gun from his jacket and point it at appellee, after which appellee turned and ran, drew his own gun and fired over his shoulder the shot that fatally wounded the victim.  Based on this testimony the jury could rationally have found that appellee committed "an unlawful act in a reckless or grossly negligent manner." 18 Pa.C.S.A. § 2504(a).  *Cf. Commonwealth v. Warin, supra; Commonwealth v. Terrell, supra* (Opinion of POMEROY, J.); and *Commonwealth v. Polimeni, supra* (Opinion of POMEROY, J.).  Accordingly, the post-verdict court was correct in holding that the trial court was required to instruct the jury on involuntary manslaughter.

Order affirmed.