413 A.2d 1078

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William M. ZILLGITT, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 3, 1980.

Decided April 30, 1980.

Michael J. Wherry, Public Defender, Mercer, for appellant.

David B. Douds, Asst. Dist. Atty., Mercer, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Justice.

William M. Zillgitt appeals from the denial of his Post Conviction Hearing Act ("PCHA") petition. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. (Supp. 1979–80).[1]

In 1974, after a jury trial in Mercer County, appellant was convicted of murder of the second degree.[2] On direct appeal

[1] The lower court denied appellant's petition on May 9, 1978. A timely appeal was not taken, but on August 8, 1979, appellant petitioned this Court for permission to appeal nunc pro tunc. The petition was granted on August 14, 1979. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended April 28, 1978 P.L. 202, No. 53, § 10(4), 42 Pa.C.S.A. § 722(1).

[2] At the time of appellant's acts, the Crimes Code designated only two degrees of murder: murder of the first degree, which included both premeditated killing and felony murder, and murder of the second degree, which included all other kinds of murder. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2502. In 1974, the homicide statute was amended to specify three degrees of murder. Act of March 26, 1974, P.L. 213, No. 46, § 4, Act of April 28, 1978, P.L. 84, No. 39, § 1, 18 Pa.C.S.A. § 2502 (1979–80 Supp.)

to this Court in 1975, appellant raised three issues: (1) the sufficiency of evidence to sustain his conviction, (2) the admission at trial of a co-conspirator's statement, and (3) possible bias in the court's jury instructions. We affirmed. *Commonwealth v. Zillgitt*, 467 Pa. 459, 359 A.2d 366 (1976).

On July 6, 1977, appellant filed in the lower court an uncounselled PCHA petition. He then raised only one claim, that Commonwealth witnesses had perjured themselves at his trial. The lower court returned the petition to appellant, directing him to "provide specific instances where he [appellant] believes that witnesses perjured themselves during the course of the trial." See *Commonwealth v. Murray*, 481 Pa. 201, 392 A.2d 317 (1978) (plurality). On July 22, 1977, appellant filed an amended PCHA petition, which included the names of trial witnesses who appellant believed gave perjured testimony. No other issues were raised in the amended petition. Counsel was appointed to represent appellant and a hearing on appellant's petition was scheduled for April 25, 1978. Prior thereto, a second amended petition was drafted, but apparently not filed, in which appellant for the first time asserted that the trial court erroneously had denied his request for a jury instruction on involuntary manslaughter.[3] See *Commonwealth v. Ford*, 474 Pa. 480, 378 A.2d 1215 (1977) (plurality); *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977) (plurali-

---

3. Although reference was made to the second amended petition during the April 25 hearing, it is not included in the record before us. We have prohibited consideration of issues not raised in formally filed post verdict motions. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). We also have refused to consider issues ruled upon by the lower court although not specifically included in counselled PCHA petitions. *Commonwealth v. Wilson*, 482 Pa. 350, 393 A.2d 1141 (1978); *Commonwealth v. Mitchell*, 477 Pa. 274, 383 A.2d 930 (1978). Because the propriety of the trial court's refusal to charge on involuntary manslaughter was the sole issue considered at the PCHA hearing and because the Commonwealth has asserted no objection to that issue now being considered, we shall do so. Henceforth, our trial and appellate courts will not consider issues unless they are presented in properly filed PCHA petitions.

ty); *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977) (plurality).[4]

■ Appellant concedes that his claim regarding the involuntary manslaughter instruction was not raised by post-verdict motion or on direct appeal. The Post Conviction Hearing Act states:

§ 1180–4. When an issue is finally litigated or waived.

\* \* \* \* \* \*

(b) For the purposes of this act, an issue is waived if:

(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

4. Appellant requested a jury instruction on involuntary manslaughter in his written points for charge. The request was reiterated orally before the trial ended:

THE COURT: There is [sic] present members of the District Attorney's Office and defense counsel and the Court has inquired of [defense counsel] whether he wants a charge on the grounds of involuntary manslaughter. [Defense counsel] has indicated that he does and this Court has inquired of him if he knows what his theory of involuntary manslaughter is and [defense counsel] says, *he has no theory of involuntary manslaughter nor does he know of any evidence that would support such a verdict* nor does he have any case that the Court should charge on involuntary manslaughter *even though it does not appear that the evidence warrants such a conviction.* Is that correct? (Emphasis supplied.)

[Defense Counsel]: Yes, your Honor.

(N.T. 6/26/74 at 89)

Counsel's evaluation of the evidence was correct. The record shows that in October, 1973, appellant was a member of "The Breed Motorcycle Club." The decedent was shot by appellant and other Breed members as punishment for unwittingly violating a club "rule" during his membership initiation. Under no reasonable reading of the law could these brutal acts constitute involuntary manslaughter. See *Commonwealth v. Jones*, 452 Pa. 569, 308 A.2d 598 (1973).

■ Appellant argues that the lower court correctly found that he had not waived the issue because his trial took place before the plurality decision in *Commonwealth v. Polimeni, supra,* and its progeny.[5] We disagree with the lower court and find that appellant's failure to raise the issue on direct appeal constitutes a knowing and understanding waiver.[6]

We have held that even when an issue is not presented on direct appeal, it will not be deemed waived at a PCHA proceeding if the claim is based on a new principle of law announced subsequent to the direct appeal. Thus in *Commonwealth v. Lynch,* 477 Pa. 390, 383 A.2d 1263 (1978), the defendant contended on collateral attack that he was improperly burdened at trial with proving his claim of self defense. We held that the issue was not waived even though not presented on direct appeal because it was based on federal precedent decided subsequent to the direct appeal which *changed* prior law. Here, appellant's claim concededly is based on the 1972 Crimes Code, 18 Pa.C.S.A. § 101 *et seq.,* which was in existence at the time of his post-verdict motions and direct appeal. Although *Polimeni, Garcia,* and *Ford* were decided subsequent to the direct appeal, those decisions *did not change prior law*; they merely interpreted the relevant provisions of the 1972 Crimes Code,[7] 18 Pa.C. S.A. § 101 *et seq., Commonwealth v. Warin,* 484 Pa. 555, 400 A.2d 588 (1979). See also *Commonwealth v. Garcia, supra,* 474 Pa. at 460, 378 A.2d at 1205 ("[T]he determination whether jury instructions on involuntary manslaughter

5. Appellant notes that his trial was concluded on June 27, 1974. His post-verdict motions were denied on December 16, 1974. His direct appeal was denied on July 6, 1976. *Polimeni, Garcia,* and *Ford* were decided on October 7, 1977.

6. The lower court denied appellant's PCHA petition on other grounds which, because of our finding of waiver, we need not reach. See *Commonwealth v. Allsup,* 481 Pa. 313, 312, 392 A.2d 1309, 1311 (1978) and the cases cited therein (all holding that this Court may affirm the order of a lower court if correct for any reason.)

7. Appellant concedes this point in his brief at p. 20: "In both *Polimeni* and *Garcia* all of the Court appear to be agreed that they are not changing the law. The position of the Court is that the legislature changed the law and they are interpreting the new law."

should be given in a murder trial must be based on the classification made by the Crimes Code . . . ") Cf. *Commonwealth v. Peters*, 453 Pa. 615, 306 A.2d 901 (1973).

█ Moreover, in *Commonwealth v. Lynch, supra,* the defendant's failure to raise the self-defense claim on appeal was explained in part by his reliance upon existing case-law, which uniformly held that such a claim was without merit. At the time of Zillgitt's direct appeal, however, there was no decisional law holding that under the 1972 Crimes Code a defendant charged with murder was not entitled to a jury instruction on involuntary manslaughter. In these circumstances, the statutory presumption that appellant's failure to pursue the issue on direct appeal was "a knowing and understanding failure" stands unrebutted. 19 P.S. § 1180–4(b)(2), (c); See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).[8] Since appellant has not properly alleged ineffective assistance of trial counsel or any extraordinary circumstances explaining that failure, the Post Conviction Hearing Act mandates that the issue be deemed waived. 19 P.S. § 1180–4(b)(1) and (2).[9]

Order affirmed.

NIX, J., filed a concurring opinion.

[8] Indeed, appellant's request at trial for an involuntary manslaughter instruction reflects his conclusion that correct statutory construction of the 1972 Crimes Code would require such instruction. Nevertheless, he failed to appeal the denial of his trial request. In his brief, appellant belatedly contends that trial counsel's failure to pursue the issue on appeal may constitute ineffective assistance of counsel. That contention, not having been raised below, will not be considered here. *Commonwealth v. Bradley*, 485 Pa. 230, 401 A.2d 744 (1979).

[9] Because of our finding of waiver, we need not reach the other issues asserted by appellant: (1) whether the trial court's refusal to charge on involuntary manslaughter is an issue of constitutional dimension, the existence of which is a prerequisite for collateral review. See *Commonwealth v. Rightnour*, 469 Pa. 107, 111, 364 A.2d 927, 928 (1976) (plurality); (2) whether the trial court correctly concluded that our plurality decisions in *Polimeni* and its progeny are to be applied only prospectively; (3) whether the plurality holdings in those cases reflect the view of a majority of this Court.

NIX, Justice, concurring.

I concur in the result reached by the majority opinion. Appellant has waived his right to PCHA relief by his failure to raise on direct appeal the issue of an alleged erroneous denial of his request for a jury instruction on involuntary manslaughter, *Commonwealth v. Warin*, 484 Pa. 555, 400 A.2d 588 (1979).