456 A.2d 140

**COMMONWEALTH of Pennsylvania**

v.

**John D'AMBRO, Jr., Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 18, 1982.

Decided Feb. 2, 1983.

304

Perry de Marco, Burton A. Rose, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Marianne E. Cox, Asst. Dist. Attys., Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

NIX, Judge.[*]

This is an appeal from the denial by the Court of Common Pleas of Philadelphia of appellant's second[1] amended Post Conviction Hearing Act[2] (PCHA) petition which alleged ineffective assistance of counsel both at trial and on direct appeal. On January 3, 1975, appellant was convicted by a jury of murder of the third degree. Following denial of post trial motions, appellant was sentenced to a term of imprisonment of ten (10) to twenty (20) years. On direct appeal,[3] this Court affirmed by Per Curiam Order those issues raised by appellant.[4] *Commonwealth v. D'Ambro,* 467 Pa. 254, 356 A.2d 358 (1976).

[*] This case was reassigned to the writer on January 10, 1983.

1. On April 25, 1977, appellant filed a *pro se* PCHA petition. New counsel was appointed and an amended petition was filed on August 3, 1977. The Commonwealth filed an answer raising objections to the amended petition. Subsequent thereto, the PCHA court appointed present counsel to represent appellant and a second amended petition, the subject of the instant appeal, was filed on July 5, 1978.

2. Act of May 13, 1982, No. 122, § 2, to be codified in 42 Pa.C.S.A. §§ 9541–9551.

3. Appellant was represented by the same counsel both at trial and on direct appeal.

4. Appellant, in his direct appeal, claimed the trial court erred (1) in failing to declare a mistrial based on the prosecutor's characterization of the slaying as an "execution" during closing argument; (2) in

Appellant presently alleges two instances of ineffective assistance of counsel which he claims warrant relief. Appellant first contends counsel was ineffective on direct appeal for failure to raise the issue of the trial judge's refusal to charge the jury as to involuntary manslaughter. Second, appellant claims counsel was ineffective for failure to pursue on direct appeal the issue of the trial judge's denial of a motion for mistrial based on allegedly improper remarks made by the prosecutor during closing argument. For the reasons that follow, we affirm the order of the PCHA Court denying relief to appellant.

■ The standard against which a claim of ineffective assistance of counsel will be analyzed is whether the record supports a conclusion that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). However, counsel will not be deemed ineffective for failing to pursue a baseless claim. *See, e.g., Commonwealth v. Musi,* 486 Pa. 102, 404 A.2d 378 (1979).

■ Appellant's first claim of ineffectiveness is premised on an alleged entitlement to a jury instruction on involuntary manslaughter. Appellant contends that the issue of an involuntary manslaughter instruction was of arguable merit and, therefore, counsel's failure to pursue the objection to the trial court's refusal to give the requested charge on direct appeal constitutes ineffective assistance of counsel. Under the facts of this case, such a charge was not warranted and counsel was not ineffective for failing to pursue the issue on direct appeal.

The testimony at trial established that on the evening of July 1, 1974 appellant banged on the door of the victim's home. The victim, Mr. Vincent DeLorenzo, answered the door and proceeded out to his front step where he was confronted by appellant who fired several shots at him. One

failing to suppress certain physical evidence; and (3) in allowing the testimony of a witness to be read to the jury following the commencement of deliberations.

of the witnesses for the Commonwealth, a Mr. Vincent Marciano, heard the shots and ran from the interior of the victim's home. He testified that he saw the victim bleeding and struggling with appellant over the gun. According to Marciano the appellant then fired again and the decedent collapsed to the ground. Mr. Marciano further testified that appellant fired an additional shot after the victim had collapsed.

A second witness, Ms. Elizabeth Berry, saw appellant standing over the decedent's body holding a gun moments after she had heard the sound of a gun discharging. The defense at trial presented no evidence but did argue to the jury in summation that the witnesses were mistaken in identifying appellant as the assailant.

In the decisions of this Court in *Commonwealth v. Ford,* 474 Pa. 480, 378 A.2d 1215 (1977); *Commonwealth v. Garcia,* 474 Pa. 449, 378 A.2d 1199 (1977); *Commonwealth v. Polimeni,* 474 Pa. 430, 378 A.2d 1189 (1977), we concluded that under certain circumstances the refusal of a defense request for involuntary manslaughter would constitute reversible error. For a period of time after those decisions, the Court was in disagreement as to the appropriate rationale underlying the right to such an instruction. *Commonwealth v. Warin,* 484 Pa. 555, 400 A.2d 588 (1979). In *Commonwealth v. Williams,* 490 Pa. 187, 415 A.2d 403 (1980), five (5) members of the Court agreed upon an articulation set forth therein. In *Williams,* Mr. Justice Flaherty stated:

Since these cases were handed down, [*Ford, Garcia* and *Polimeni*] trial judges have lacked a standard approved by a majority of the full Court defining the circumstances under which a defendant's request for an involuntary manslaughter charge should be granted. To clarify this situation, we now hold that in a murder prosecution, an involuntary manslaughter charge shall be given only when requested, and where the offense has been made an issue in the case and trial evidence reasonably would support such a verdict.

*Id.* 490 Pa. at 190, 415 A.2d at 404.

Under the instant facts, the charge of involuntary manslaughter was not an issue at trial nor did the trial evidence reasonably support such a verdict.

Appellant attempts to justify the requirement of an instruction based on relatively minor conflicts in the testimony of the eyewitnesses, who admittedly observed different segments of the incident. The Commonwealth's evidence presented at trial established a malicious killing.[5] The defense presented did not challenge that the death was intentional but rather sought to avoid responsibility by contending that appellant was not the perpetrator. To have permitted a charge of involuntary manslaughter would have introduced a consideration totally foreign to the issues placed before the jury during the trial. This case presents a factual situation where the majority of the *Williams* Court indicated a charge of involuntary manslaughter would be properly rejected. Therefore counsel was not ineffective for failure to pursue this claim on appeal.

Appellant's second claim of ineffectiveness challenges counsel's failure to pursue on direct appeal the trial judge's denial of appellant's motion for mistrial based on allegedly improper remarks made by the prosecutor during closing argument. The specific portions of the prosecutor's closing remarks cited by appellant as improper are as follows:

> And it is my job as District Attorney to place the evidence before you which is legally admissible in evidence, legally admissible in evidence. I cannot present anything else to you except that which is legally admissible. Any any [sic] prior proceedings does not concern this jury.

5. The Commonwealth need not prove motive in order to establish the existence of malice. *Commonwealth v. Tomoney*, 488 Pa. 324, 412 A.2d 531 (1980); *Commonwealth v. Brantner*, 486 Pa. 518, 406 A.2d 1011 (1979); *Commonwealth v. Robinson*, 468 Pa. 575, 364 A.2d 665 (1976); *Commonwealth v. Novak*, 395 Pa. 199, 150 A.2d 102 (1959), *cert. denied*, 361 U.S. 882, 80 S.Ct. 152, 4 L.Ed.2d 118, *reh. den.* 361 U.S. 926, 80 S.Ct. 290, 4 L.Ed.2d 241; *Commonwealth v. Malone*, 354 Pa. 180, 47 A.2d 445 (1946); *Commonwealth v. Buccieri*, 153 Pa. 535, 26 A. 228 (1893). The use of a deadly weapon upon a vital part of the victim's body is more than sufficient to provide the element of malice. *Commonwealth v. O'Searo*, 466 Pa. 224, 352 A.2d 30 (1976).

(N.T. 12/31/74, p. 38).

As I was saying, I can only place before you ladies and gentlemen that evidence which is legally admissible in this courtroom, that is all. You might say to yourself where is that? Where is this? Why didn't the Commonwealth produce this and produce that? If I were to produce everything involved in this case, we'd be here for the next three weeks.

(N.T. 12/31/74, p. 39).

Immediately after the prosecutor made the first remark, defense counsel objected and was overruled. However, the trial judge informed the jury:

The Court will instruct the jury as to the law. They already know comments of counsel, if they in any way conflict with the instructions of the Court when the court gives the instructions on the law, they will disregard such comments and be guided only by the Court's instructions.

(N.T. 12/31/74, p. 39).

The prosecutor then proceeded to make the second allegedly prejudicial remark,[6] at which time defense counsel objected and was sustained by the Court. Defense counsel sought a side bar conference which was granted and a motion for mistrial was requested and denied.

■■■ The decision whether a mistrial should be granted as a result of allegedly improper prosecutorial comments during closing argument is within the discretion of the trial court. *Commonwealth v. Perkins,* 473 Pa. 116, 373 A.2d 1076 (1977) (plurality opinion); *Commonwealth v. Stoltzfus,* 462 Pa. 43, 337 A.2d 873 (1975); cf. *Commonwealth v. Cronin,* 464 Pa. 138, 143, 346 A.2d 59, 62 (1975) (recognizing that a district attorney must have reasonable latitude in fairly presenting a case to the jury, and that the trial judge must

6. The Commonwealth contends that the second remark was not challenged in the PCHA proceedings and is therefore waived. After careful review of the proceedings below, we are satisfied that appellant's claims of improper prosecutorial remarks encompass both statements and are properly before this Court for review.

have reasonable discretion in deciding whether the bounds of propriety have been exceeded).

> . . . But even where the language of the district attorney is intemperate, uncalled for and improper, a new trial is not necessarily required. *Commonwealth v. Crittenton,* 326 Pa. 25, 31, 191 A. 358 (1937); *Commonwealth v. McHugh,* 187 Pa.Super. 568, 577, 145 A.2d 896 (1958). The language must be such that its "unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Simon,* 432 Pa. 386, 394, 248 A.2d 289, 292 (1968). See also *Commonwealth v. Meyers,* 290 Pa. 573, 139 A. 374 (1927). The effect of such remarks depends upon the atmosphere of the trial, *Commonwealth v. Dickerson,* 406 Pa. 102, 110, 176 A.2d 421 (1962); *Commonwealth v. Del Giorno,* 303 Pa. 509, 519, 154 A. 786 (1931), and the proper action to be taken is within the discretion of the trial court. *Commonwealth v. Silvis,* 445 Pa. 235, 237, 284 A.2d 740 (1971); *Commonwealth v. Simon,* supra.

> *Commonwealth v. Stoltzfus, supra,* 462 Pa. at 61, 337 A.2d at 882.

Moreover, the complained of remarks must be viewed, in part, within the context of the conduct of defense counsel. *Commonwealth v. Stoltzfus, supra.*

■ A review of the record indicates that the prosecutor's remarks constituted a response to defense counsel's closing argument in which defense counsel commented, *inter alia,* on the Commonwealth's failure to produce the murder weapon although counsel was aware of its suppression (N.T. 12/31/74, p. 30); and the failure of the Commonwealth to produce certain witnesses, the names of which were read to the jury, but not called to testify. (N.T. 12/31/74, pp. 32–33). Although the prosecutor's further remark that, "[i]f I were to produce everything involved in this case, we'd be here for the next three weeks" was uncalled for and improper in countering defense counsel's remarks, considering the prosecutor's closing argument as a whole, as well as the

atmosphere at trial, the comment was not such that its unavoidable effect was to prejudice the jury. Therefore, the trial court did not abuse its discretion in refusing a mistrial and counsel was not ineffective for failing to raise an issue on direct appeal that was without merit.

The Order of the Court of Common Pleas of Philadelphia is affirmed.

FLAHERTY, J., joins the majority opinion and files a concurring opinion.

ZAPPALA, J., joins in the majority opinion and in the concurring opinion of Larsen, J.

LARSEN, J., files a concurring opinion.

FLAHERTY, Justice, concurring.

I join the majority opinion and, in view of the Concurring Opinion authored by Mr. Justice Larsen, which I also join, write separately only to emphasize that the views expressed in *Commonwealth v. Williams,* 490 Pa. 187, 415 A.2d 403 (1980) and *Commonwealth v. White,* 490 Pa. 179, 415 A.2d 399 (1980) do not differ in any respect.

LARSEN, Justice, concurring.

I would affirm the order of the lower court and in support thereof, quote from the Majority Opinion in *Commonwealth v. White,* 490 Pa. 179, 182, 185, 415 A.2d 399, 400, 402 (1980) (Larsen, J.):

It has long been the rule in this Commonwealth that a trial court should not instruct the jury on legal principles which have no application to the facts presented at trial. The reason for this rule is apparent; the jury's duty is to render a true and correct verdict, and instructing the jury on legal principles that cannot rationally be applied to the facts presented at trial may confuse them and place obstacles in the path of a just verdict. . . .

. . . .

. . . To this end and to *finally* clarify this situation, we now hold that in a murder prosecution, an involuntary manslaughter charge shall be given only when requested, and where the offense has been made an issue in the case and the trial evidence reasonably would support such a verdict.

*See also Commonwealth v. Williams,* 490 Pa. 187, 415 A.2d 403 (1980).

FLAHERTY and ZAPPALA, JJ., join in the filing of this concurring opinion.