452 A.2d 729

**COMMONWEALTH of Pennsylvania**

**v.**

**Matheno Ford BEY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 30, 1982.

Filed Oct. 1, 1982.

Reargument Denied Dec. 13, 1982.

Petition for Allowance of Appeal Granted June 8, 1983.

Douglas M. Johnson, Public Defender, Norristown, for appellant.

Ronald Thomas Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

After a jury trial, appellant, Matheno Ali Ford-Bey, was found guilty of Criminal Attempt to Commit Murder (18 Pa.C.S.A. § 901), Recklessly Endangering Another Person (*Id.* at § 2705) and Possession of an Instrument of Crime (*Id.* at § 907). Post-trial motions were filed and denied. Thereafter, appellant was sentenced to serve 2 to 5 years for attempted murder and a concurrent 2 to 5 years for possession of an instrument of crime. The sentence for reckless endangerment was suspended. This appeal followed. We reverse in part and affirm in part.

The facts concerning the instant case, viewed in a light most favorable to the verdict-winner, consist of the following: On April 6, 1980, Thomas Jones was with his girlfriend at her sister's apartment, which was located in Pottstown, Pa. At approximately 2:30 p.m., the doorbell rang and Jones used the intercom system to ask who it was. When the caller identified himself as "Sam," Jones recognized that it was Sanford Harling, Jr., an acquaintance he had known for some nine, ten months prior to this date. When Jones informed his girlfriend's sister who it was, she told him to let the person in. Jones complied and depressed a button on the intercom that released the lock on the entrance to the apartment building. Jones peered through the "peep-hole" and saw no one other than Harling standing outside the door. However, when the apartment door was opened, he observed Harling in the company of the appellant and Eli

Ford-Bey, appellant's brother, whom he had known for about a year and a half. Eli directed Jones to step outside. When Jones asked why, he received no response. Eli merely stated, "Come outside or we are going to come inside and get you." At this point, Jones' girlfriend arrived at the door, pulled him (Jones) back into the apartment and locked the entrance. Eli warned Jones that if he stayed in the room, the door would be kicked down.

Jones, in an attempt to protect himself, retreated to the kitchen and retrieved a carving knife, which was about a foot in length—handle and blade. Jones placed the knife in his slacks, but the handle was clearly visible. Thereafter, Jones stepped outside the door and Eli grabbed him by the collar to pull him down the stairs. Jones reacted by "withdr[awing] the carving knife from [his] side." Eli, in turn, also pulled a knife. Harling, seeing the weapons, stated "there wasn't going to be *any knives used, to give him the knives*." Eli complied, but Jones refused. The four men then made there way outside the building. Once in the open, Jones observed Eli pass a gun to the appellant. Then, appellant, at a distance of about five, six feet, aimed the weapon at the victim and pulled the trigger. However, "it didn't go off" because the safety was on. After releasing the safety, appellant pulled the trigger again, and this time it fired, striking the victim in the right side of the chest. The victim, although wounded, made his way back to the apartment and had the police summoned. Thereafter, the appellant was arrested.

On appeal, appellant contends that the trial court erred in: 1) not charging the jury on the elements of the crime of murder and the common law definition of murder; 2) insufficiently instructing the jury as to each and every element of the crimes; 3) refusing to give a self-defense charge; 4) sustaining the convictions for criminal attempt and possession of an instrument of crime; and 5) upholding appellant's convictions for attempted murder and recklessly endangering another person.

We will consider appellant's first, second and third contentions together, inasmuch as they all deal in some respect with a claimed deficiency in the lower court's charge to the jury.

We note, initially, that after the lower court granted the Commonwealth's request for a correction and clarification on a certain aspect of the charge, the following exchange occurred:

"Satisfactory, Mr. Iacovitti[—the Commonwealth's attorney]?

MR. IACOVITTI: Yes, sir. Thank you, Your Honor.

THE COURT: Mr. Josel[—co-defendant's counsel]?

MR. JOSEL: Yes, Your Honor.

THE COURT: Mr. Keenan[—appellant's counsel]?

MR. KEENAN: Yes, sir.

THE COURT: All right, members of the jury, you are now released from the Court's edict not to talk about this. Now is the time you can go and you can talk about it. You are escorted to the jury room and you can discuss it all you want to. The Exhibits will be brought to the jury room along with you. There will be a jury sheet also brought out to the jury room.

*(The jury left the Courtroom at 3:10 p.m.)*." (Emphasis added) (N.T. 385)

■ Under Pa.R.Crim.P. 1119(b), "No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto *before the jury retires to deliberate.* All such objections shall be made beyond the hearing of the jury." (Emphasis added) Instantly, we see, from a review of the transcript, that appellant took no "specific objection" to the charge "before the jury retired to deliberate." In similar situations, the courts of this Commonwealth have stated: "The objection must be viewed as untimely because raising it for the first time on appeal denies the trial court an opportunity to correct the alleged error. Thus, appellant's claim is waived." *Commonwealth v. Scarpino,* 494 Pa. 421, 428, 431 A.2d 926, 929 (1981)

(citing cases); *Commonwealth v. Hill*, 492 Pa. 100, 422 A.2d 491 (1980) (Opinion in Support of Affirmance). We can do no less in the case at bar.

■ The fourth assertion proffered by appellant concerns his conviction and sentence for both attempted murder and possession of an instrument of crime. The lower court's response to such averment is that, "even if we assume the [appellant] is correct, the practical effect of the 'possession' conviction is non-existent since the sentence of two to five years runs concurrently with the attempted murder sentence of two to five years, there is no additional penalty, hence any further discussion is superfluous." (Lower Court's Opinion at 4) We disagree.

Under 18 Pa.C.S.A. § 906:

"A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or to culminate in the commission of the same crime."

The two crimes for which the accused was found guilty by the jury fall within the perimeter of Chapter 9 of the Crimes Code, the Chapter mentioned in Section 906, and it is obvious from the facts recounted herein that both offenses were committed with one objective in mind. Accordingly, appellant's conviction for attempted murder and possession of an instrument of crime was improper. *See Commonwealth v. Von Aczel*, 295 Pa.Super. 242, 441 A.2d 750 (1982); *Commonwealth v. Turner*, 290 Pa.Super. 428, 434 A.2d 827 (1981).

Inasmuch as the lower court was erroneous in its interpretation of the law, to remedy the situation, we have the option to either remand for resentencing, or amend the sentence, directly. Act of July 9, 1976, P.L. 586, No. 142, § 2, June 27, 1978; 42 Pa.C.S.A. § 706 (Purdon's 1981). We exercise our discretion, as permitted by statutory and case law, to amend the sentence on appeal. Since the sentence of possession obviously did not affect the sentence for attempted murder, both consisted of two to five years imprisonment and were ordered to be served concurrently, "we shall not remand but shall merely vacate the sentence imposed for possession of an instrument of crime as the lesser offense.

*Commonwealth v. Crocker,* 280 Pa.Super. 818, [470], 421 A.2d 818 (1980)." [1] *Commonwealth v. Von Aczel, supra,* 295 Pa. Super. at 255, 441 A.2d at 756; *Commonwealth v. Turner, supra.*

Lastly, appellant avers that the trial court erred in sustaining his conviction and sentence for attempted murder and recklessly endangering another person, since the former offense requires a specific intent and the latter necessitates a reckless act. (Appellant's Brief at 10)

Although inartfully stated, appellant seems to be arguing that the two offenses just cited merge, and, therefore, the sentence imposed for both offenses, albeit to be served concurrently, is prohibited. We do not agree.

To begin with, the test for merger of offenses was stated in *Commonwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 104–105, 21 A.2d 920, 921 (1941), as follows:

"The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime necessarily involves another, as for example, rape involves fornication, and robbery involves both assault and larceny. The 'same transaction' test is valid only when 'transaction' means a single act. When the 'transaction' consists of two or more criminal acts, the fact that the two acts are 'successive' does not require the conclusion that they have merged. Two crimes may be successive steps in one crime and therefore merge, as, e.g., larceny is merged in robbery, and assault and battery is merged in murder, or they may be two distinct crimes which do not merge."

In the case before us, appellant was convicted of recklessly endangering another person. A person is guilty of this offense "if he recklessly engages in conduct which places or

1. Attempt to commit murder is a felony of the second degree, 18 Pa.C.S.A. § 905(a) (Supp.1981–82), and thus exposed the appellant to a possible term of imprisonment of up to 10 years, *id.* at § 1103(2). Possession of an instrument of crime is a misdemeanor of the first degree, *id.* at § 907, carrying a possible term of imprisonment of 5 years. *Id.* at § 1104(1).

may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. As for the conviction of attempted murder, one is guilty of such offense if he takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such act. *Commonwealth v. Reese,* 237 Pa.Super. 326, 352 A.2d 143 (1975).

Instantly, when the appellant first aimed the loaded pistol at the victim and pulled the trigger, it did not fire. Nonetheless, such conduct was sufficient to constitute reckless conduct "which place[d] or may [have] placed another person in danger of death or serious bodily injury." *See Commonwealth v. Goosby,* 251 Pa.Super. 326, 380 A.2d 802 (1977) (where accused pointed a gun at two officers, and both officers testified that they heard several "clicking sounds" emanating from defendant's direction, charge of reckless endangerment was proper); *see also Commonwealth v. Musi,* 486 Pa. 102, 404 A.2d 378 (1979). As for appellant's second effort to fire the weapon, which discharged into the victim, we find no difficulty in holding that such conduct was sufficient to convict the accused of attempted murder. *Commonwealth v. Reese, supra.*

The fact that the two separate acts were successive steps in the same transaction does not warrant a conclusion that the two offenses merge. Rather, it is where one crime necessarily involves another. *Commonwealth ex rel. Moszczynski v. Ashe, supra.* Moreover, "in order for one crime necessarily to involve another, the essential elements of one must also be essential elements of the other." *Commonwealth v. Belgrave,* 258 Pa.Super. 40, 48, 391 A.2d 662, 666 (1978); quoting *Commonwealth v. Olsen,* 247 Pa.Super. 513, 520, 372 A.2d 1207, 1211 (1977). Appellant does not contend that the essential elements of the offenses are the same, thus mandating a merger of the two offenses. Instead, appellant argues that, "[a] person cannot be found guilty of two crimes for the same offense when the nature of the intent required differs. Attempted Murder requires a specific intent and Recklessly Endangering Another Person requires a reckless act." (Appellant's Brief at 10) We

agree with the appellant in part, i.e., that the two statutes in question require two different types of intent, but not to the extent that the evidence presented precluded him from being convicted of both offenses.

In light of the testimony presented at trial, the evidence was sufficient to establish that appellant perpetrated two separate crimes by his action of firing a weapon at the victim. *See Commonwealth v. Lawton,* 272 Pa.Super. 40, 414 A.2d 658 (1980); *see also Commonwealth v. Detrie,* 263 Pa.Super. 75, 397 A.2d 2 (1979); *Commonwealth v. Williams,* 252 Pa.Super. 435, 381 A.2d 1285 (1977).

■ Judgment of sentence for possession of an instrument of crime vacated. Judgments of sentence for attempted murder and recklessly endangering another person affirmed.[2]

McEWEN, J., concurs in the result.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. The trial court's instructions to the jury failed to contain a definition of murder. Because of this deficiency the jury was prevented from making an intelligent decision on the charge of attempt to commit murder. Therefore, appellant should receive a new trial.

"A person commits an attempt when, with the intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901. In the instant case, the specific crime alleged to have been attempted was murder. Murder is defined

2. We note for edification purposes that, despite the fact that the sentence for reckless endangerment was suspended, which the lower court holds results in the issue not meriting "any further consideration," the courts of this Commonwealth have recognized that the conviction for which a judgment of sentence has been suspended is appealable. *See Commonwealth v. Elias,* 394 Pa. 639, 642, 149 A.2d 53, 55 (1959) (citing cases); *Commonwealth v. Meszaros,* 194 Pa.Super. 462, 466, 168 A.2d 781, 783 (1961); *Commonwealth v. Tluchak,* 166 Pa.Super. 16, 21, 70 A.2d 657, 660 (1950).

according to the common law definition. It is the unlawful killing of another person with malice aforethought. Malice "consists of an express intent to kill or inflict serious bodily harm, or a 'wickedness of disposition, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty' which indicates an unjustified disregard for the likelihood of death or great bodily harm and an extreme indifference to the value of human life." *Commonwealth v. Coleman,* 455 Pa. 508, 510, 318 A.2d 716, 717 (1974) quoting from *Commonwealth v. Chermansky,* 430 Pa. 170, 175, 242 A.2d 237, 240–41 (1968). See also: *Commonwealth v. Thompson,* 466 Pa. 15, 19, 351 A.2d 280, 282 (1976). An accused charged with criminal attempt to commit murder, while not entitled to a charge on the various degrees of homicide, is nonetheless entitled to an instruction as to the elements of murder. *Commonwealth v. Reese,* 237 Pa.Super. 326, 333, 352 A.2d 143, 147 (1975).

In the instant case, the totality of the trial court's instruction pertaining to attempted murder was contained in the following:

The District Attorney of Montgomery County by this information charges that—and I am going to drop the name Mattheno and say Ali—Ali Ford-Bey and Eli Ford-Bey on or about April 6 of 1980, in the said county of Montgomery, did unlawfully and feloniously attempt to commit the specific crime of murder, by doing an act constituting a substantial step toward the commission of, and then and there having the intent to commit the said specific crime, all of which is against the Acts of Assembly, and the peace of dignity of the Commonwealth of Pennsylvania.

Now, criminal attempts is defined as follows. I am not going to read the entire law on criminal attempts, because it is not all applicable, according to the evidence which has been presented here.

Criminal attempt definition: a person commits an attempt when, with intent to commit a specific crime, he

does any act which constitutes a substantial step toward the commission of that crime.

There is more to the act, but I am not going to go beyond that.[1]

" 'The primary duty of a trial judge in charging a jury is to clarify the issues so that the jury may understand the questions to be resolved.' *Commonwealth v. Jordan,* 407 Pa. 575, 587, 181 A.2d 310, 316 (1962)." *Commonwealth v. Litman,* 276 Pa.Super. 114, 118, 419 A.2d 121, 123 (1980). An appellate court will uphold the trial court's charge to the jury if it "adequately and accurately reflects the law and [is] sufficient to guide the jury properly in its deliberations." *Commonwealth v. Reynolds,* 256 Pa.Super. 259, 277, 389 A.2d 1113, 1122 (1978). In my judgment, the trial court's instructions in the case *sub judice* did not sufficiently define the crime of attempted murder or identify the issues to be resolved by the jury. Despite the fact that the Commonwealth was required to prove "a substantial step toward the commission of [murder]," 18 Pa.C.S. § 901, the crime of murder was never defined, and the jury was never instructed regarding the elements of that crime.

Appellant contended at trial that the act of shooting had been committed in self-defense. Moreover, the victim concededly had been carrying a knife. Therefore, it was essential that the attention of the jury be directed to the legal components of the offense with which appellant had been charged. Because the trial court completely failed to include in its instructions the elements of murder, the jury was required to engage in unguided speculation regarding the commission of an attempt to commit that crime.

The writer of the lead opinion holds that appellant waived this defect in the trial court's jury instructions by not specifically objecting to the charge before the jury had retired to begin its deliberations. I am unable to agree that

1. The only additional reference to the crime of murder was in a defense point for charge read by the trial court as follows: "[I]n order for this crime [i.e. murder] to exist, the Commonwealth must show that the defendant acted with malice." Malice, however, was not defined.

this is what occurred. When counsel for the parties were asked for additions or corrections, appellant's counsel responded: "I have none, *other than the exceptions we mentioned previously.*" Immediately after the jury had left the courtroom, counsel approached the bench and said: "Your Honor, I would like to put on the record *the exception that I discussed earlier with you as to the charge, in that I think the crime of murder should be included as to all its elements.*" The trial judge did not in any way contradict defense counsel's statement but responded: "The record will so reflect the objection which has been put on the record." The deficiency in the court's charge was also preserved specifically in post-verdict motions and was discussed and decided by the trial court in the opinion by which it denied appellant's post-verdict motions. Under these circumstances, I would hold that the insufficiency of the trial court's instructions has been adequately preserved for appellate review. See: *Commonwealth v. Young,* 474 Pa. 96, 101, 376 A.2d 990, 992 (1977); *Commonwealth v. Marshall,* 273 Pa.Super. 344, 348, 417 A.2d 681, 683 (1979); *Commonwealth v. Wilds,* 240 Pa.Super. 278, 283 n. 9, 362 A.2d 273, 276 n. 9 (1976).

Because the issues may arise upon the new trial which I deem necessary, I would note my agreement with the majority that the Pennsylvania Crimes Code, 18 Pa.C.S. § 906, renders appellant's convictions for two inchoate offenses designed to culminate in the same crime improper. See: *Commonwealth v. Von Aczel,* 295 Pa.Super. 242, 248, 441 A.2d 750, 756 (1981); *Commonwealth v. Turner,* 290 Pa.Super. 428, 434, 434 A.2d 827, 830–31 (1981); *Commonwealth v. Jackson,* 280 Pa.Super. 522, 523–24, 421 A.2d 845, 846 (1980); *Commonwealth v. Tingle,* 275 Pa.Super. 489, 499–500, 419 A.2d 6, 11–12 (1980); *Commonwealth v. Jackson,* 261 Pa.Super. 355, 361, 396 A.2d 436, 438–39 (1978); *Commonwealth v. Crocker,* 256 Pa.Super. 63, 66–68, 389 A.2d 601, 603–04 (1978). However, unlike the majority, I am of the opinion that under the circumstances of this case the crimes of recklessly endangering the victim of the shooting and at-

tempted murder of the same individual merged for sentencing purposes. See: *Commonwealth v. Musselman,* 483 Pa. 245, 247 n. 1, 396 A.2d 625, 625–26 n. 1 (1979). Indeed, the Commonwealth's brief concedes such merger.[2]

I would reverse and remand for a new trial.

**2.** The lead opinion's conclusion that these two offenses with which appellant was charged involved different mental elements or mens rea, I believe, is incorrect. It seemingly overlooks the provisions of 18 Pa.C.S. § 302(e) which allow that where a provision of the statute, such as that defining recklessly endangering another person, requires recklessness, that element may be met by conduct which is intentional and/or knowing. See also: *Commonwealth v. Nay,* 281 Pa.Super. 226, 234, 421 A.2d 1231, 1235 (1980).