J. S17011/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES WILLIAM MOORE, | : | |
| | : | |
| Appellant | : | No. 606 WDA 2014 |

Appeal from the PCRA Order March 19, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division No(s).: CP-02-CR-0014425-2004

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED MAY 18, 2015**

Appellant, James William Moore, appeals from the order entered in the Allegheny County Court of Common Pleas denying his timely first Post Conviction Relief Act[1] ("PCRA") petition after two evidentiary hearings. Appellant contends trial counsel was ineffective for not objecting to the prosecutor's comment during closing argument that the victim was unarmed. We affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinion. *See* PCRA Ct. Op., 9/24/14, at 1-2. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, and he raises the following issues:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9545.

> Whether Appellant's prior trial and appellate counsel were ineffective, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> Whether there was a violation of the Constitution of this Commonwealth or the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Id.* at 5.

We summarize his arguments for both issues. Appellant contends his trial counsel was ineffective by not objecting to the prosecutor's comment during closing arguments that the record established the victim was unarmed. *Id.* at 6. Appellant states the prosecutor knew that a knife was found on the victim. He contends appellate counsel was ineffective by not raising trial counsel's alleged ineffectiveness on direct appeal. We hold Appellant is due no relief.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008).

> [C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of

> ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

*Commonwealth v. Perry*, 959 A.2d 932, 936 (Pa. Super. 2008) (punctuation marks and citations omitted).

After careful review of the record, the parties' briefs, and the well-reasoned decision by the Honorable David R. Cashman, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op. at 3-6 (holding Appellant never knew victim had pocketknife and never invoked self-defense when arrested; trial counsel testified he would not have objected to avoid highlighting that fact; trial counsel's failure to object was not ultimately prejudicial; and court instructed jury that prosecutor's argument is not evidence). We reiterate that counsel's failure to object did not establish prejudice. Indeed, Appellant testified he never saw the victim with a weapon and an independent eyewitness corroborated Appellant's testimony. N.T. Trial, 5/3/06 to 5/4/06, at 89, 248. Accordingly, having discerned no basis for relief, we affirm the order below. *See Abu-Jamal*, 941 A.2d at 1267.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2015

IN THE FIFTH JUDICIAL DISTRICT OF THE COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY

COMMONWEALTH OF PENNSYLVANIA

vs.

JAMES WILLIAM MOORE

CRIMINAL DIVISION
CC No. 200414425
Superior Court No. 606WDA2014

**OPINION**

JUDGE DAVID R. CASHMAN
308 Courthouse
436 Grant Street
Pittsburgh, PA 15219
(412) 350-3905

Copies Sent To:

Michael Streily, Esquire (Interoffice)
Office of the District Attorney
4th Floor, Courthouse
Pittsburgh, PA 15219

Christy P. Foreman, Esquire
(US Mail)
Fifth Floor, 220 Grant Street
Pittsburgh, PA 15219-2027

FILED
2014 SEP 24 PM 1:46

(60)

IN THE FIFTH JUDICIAL DISTRICT OF THE COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY
CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) CC No. 200414425 |
| vs. | ) Superior Court No. 606WDA2014 |
| JAMES WILLIAM MOORE | ) |

## OPINION

The appellant, James Moore, (hereinafter referred to as "Moore"), has appealed from the Order of Court denying him post-conviction relief. Moore was convicted of third degree murder following a jury trial before this Court on May 8, 2006. He was sentenced to a term of imprisonment of fifteen to thirty years, to be followed by a ten-year period of probation. A direct appeal was filed to the Pennsylvania Superior Court, post-sentence motions were filed nunc pro tunc, and the Superior Court remanded so that post-trial motions could be litigated.

A hearing on post-trial motions occurred on December 10, 2007. A timely notice of appeal was later filed on March 30, 2008, in which Moore challenged the prosecutor's argument to the jury as well as counsel's effectiveness in failing to object to the prosecutor's argument. On January 10, 2009, a panel of the Superior Court affirmed the judgment of sentence. On November 18, 2010, the Pennsylvania Supreme Court denied Moore's petition for allowance of appeal. On March 10, 2( a pro se petition under the Post-Conviction Relief Act was filed. Attorney Christ Foreman was appointed to represent Moore. On November 9, 2011, Ms. Foremai filed an amended petition for post-conviction relief on Moore's behalf. The Commonwealth filed an answer to that petition on November 23, 2011. Two

2

evidentiary hearings were held with respect to the claim for post-conviction relief. The first hearing occurred on November 20, 2012, while the second hearing occurred on March 12, 2014. On March 19, 2014, an Order was entered denying post-conviction relief. This timely appeal followed.

A concise statement of matters complained of on appeal was filed on Moore's behalf. Moore essentially claims that the Court erred in failing to grant him post-conviction relief based on counsel's ineffectiveness in failing to object to a different portion of the prosecutor's closing argument than was previously raised on the direct appeal. Specifically, Moore contends that the prosecutor committed misconduct and trial counsel was ineffective in failing to object to the prosecutor's argument that the victim in his case "was completely unarmed" at the time that Moore shot him in the front and in the back. Moore's claim relates to a pre-trial motion in limine where the defense sought to offer evidence that a knife was found on the victim at the time of his death. A hearing was held pre-trial on the issue of the admissibility of this knife. The Court ruled at that time that such evidence was irrelevant and inadmissible. There was no evidence to suggest that Moore had ever seen a knife on the victim, or that the victim had ever threatened him with a knife. Rather, the evidence established that a confrontation took place on the street between the victim and Moore. Moore had walked to the victim's car when an argument ensued. The victim punched Moore one time. Shortly after that punch, Moore pulled a gun and shot the victim twice – once in the front and once in the back. Moore never mentioned at the time of his arrest that the victim had

3

threatened him with a knife. It was only fortuitous that Moore learned of this and sought to introduce this fact into evidence. The Court properly ruled that such evidence was inadmissible.

The defense zealously argued for a self-defense justification outcome. The prosecution argued in response, "Mr. Rothman [trial counsel] did not mention in his closing to you that Mr. Meyers was completely unarmed. The evidence showed he had no weapons on him, nothing in the car. Mr. Moore even admitted he didn't see any weapons on him." Trial Transcript, Volume II at 78-80. No objection was lodged by the defense. Trial counsel testified at the post-conviction relief hearing that he likely would not have objected for fear of highlighting this particular fact.

While we find that the prosecutor's argument was less than artful, that argument was accurate as a matter of the evidence presented to the jury. While the prosecutor surely knew that a knife was found on the victim, it is clear that the knife had no bearing in the outcome of the victim's death. Moore did not even know that the victim had a knife, as it never came into play during their encounter.

Comments by a prosecutor generally do not constitute reversible error unless they have the unavoidable effect of prejudicing the jury, forming in their minds a fixed bias or hostility toward the defendant so that they could not weigh the evidence objectively and render a true and correct verdict. *Commonwealth v. D'Ambro, 456 A.2d 140, 144 (Pa. 1983).* Prosecutorial misconduct does not occur where comments are based on the evidence or proper inferences therefrom or were only oratorical flare. *Commonwealth v. Marshall, 633 A.2d 1100, 1110 (Pa.*

4

*1993).* " Comments deemed to be prejudicial cannot be viewed in isolation but, rather, must be considered in the context in which they were made."
*Commonwealth v. Sampson, 900 A.2d 887, 890 (Pa. Super. 2006).*

The law presumes that juries follow Court's instructions as to the applicable law. *Commonwealth v. Baker, 614 A.2d 663, 672 (Pa. 1992).* In the charge to the jury, the Court advised the jury as follows:

> Now, Mr. Rothman and Mr. Zur have been permitted to make opening statements and closing arguments. That's their job. They are advocates, they represent certain parties in this particular proceeding.
>
> You should carefully consider what they have said to you. You should examine all the facts in light of their analysis and use that in helping you decided what those facts are.
>
> However, anything that they have said to you in their opening statements, their closing arguments or even their questions is not evidence. The only evidence that you will use to determine what the facts are is the testimony of the witnesses that have come forward and the exhibits that will be given to you.
>
> If anything that they have said to you in those statements conflicts with what you remember the testimony to be, disregard what they have said.
>
> When I say that, again, it is because their statements are not evidence. You will be the ultimate factfinders, and it will be your individual and collective memories that control the disposition of this particular case.

Trial Transcript (VOL II), pages 106-107.

As Moore's claim has no merit, trial counsel cannot be found to be ineffective under these circumstances. *Commonwealth v. Spotz, 896 A.2d 1191, 1211 (Pa. 2006).* Likewise, Moore cannot show that he was prejudiced by the prosecutor's argument or by his counsel's failure to object to that argument. There was no

5

evidence whatsoever of record to suggest that the victim had a weapon that came into play in this matter. Moore, himself, admitted to seeing no weapon, and witnesses to this event likewise saw no weapon in the hands of the victim. While a knife was later found in the victim's pocket, it obviously had no bearing on the facts of this case, was irrelevant and properly excluded.

For the within reasons, Moore was properly denied post-conviction relief.

BY THE COURT:

_____ A.J.

DATED: September 24, 2014

6