J-A07041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY J. ROWE | : | |
| | : | No. 1263 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order July 11, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002181-2015

BEFORE: PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MARCH 19, 2018**

Appellant Larry J. Rowe appeals from the Order entered on July 11, 2017, in the Court of Common Pleas of Lancaster County denying his first petition filed under the Post Conviction Relief Act (PCRA).[1]  We affirm.

We need not reproduce the facts and procedural history of this case, which are aptly summarized by the PCRA court in its Pa.R.A.P. 1925(a) Opinion.  **See** PCRA Court Opinion, filed 9/18/17, at 1-4.

In his brief, Appellant presents the following questions for our review:

A. WHETHER APPELLANT RAISED A GENUINE ISSUE OF FACT IN AMENDED PCRA PETITION, IF RESOLVED IN HIS FAVOR, WOULD HAVE ENTITLED HIM TO RELIEF OR THAT THE COURT OTHERWISE ABUSED ITS DISCRETION IN DENYING PCRA HEARING WHEN TRIAL COUNSEL FAILED TO OBJECT, SEEK A CAUTIONARY INSTRUCTION, FILE A *MOTION IN LIMINE*, AND/OR SEEK A MISTRIAL DUE TO REPEATED REFERENCES TO DEFENDANT'S

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

\*   Former Justice specially assigned to the Superior Court.

PRIOR BAD ACTS, PAROLEE STATUS, AND PRISON STATUS DURING TRIAL IN THAT DEFENDANT'S STATE PAROLE AGENT AND VARIOUS POLICE OFFICERS REFERRED TO HIM AS DELINQUENT AND AN ABSCONDER, REFERENCED MISSED APPOINTMENTS WITH PAROLE AGENT, DEFENDANT'S CONSTANT DRUG USE, BEING TRANSPORTED TO YORK COUNTY PRISON AND INCARCERATED IN LANCASTER COUNTY PRISON, THERE WERE ITEMS IN DEFENDANT'S ROOM AND KITCHEN THAT WERE CONNECTED TO CRIMINAL ACTIVITY (DRUGS AND PACKAGING MATERIAL) AND THE FIREARM FOUND UNDER THE PILLOW WAS REPORTED STOLEN. THE AFORESAID TRIAL ATTORNEY OMISSIONS WERE OF ARGUABLE MERIT, THERE WAS NO REASONABLE BASIS FOR NOT OBJECTING, SEEKING A CURATIVE INSTRUCTION, FILING A *MOTION IN LIMINE* TO PRECLUDE PRIOR BAD ACTS, OR DEMANDED A RULE 404(B)(3) MOTION FROM THE COMMONWEALTH THAT WOULD HAVE PREVENTED ANY REFERENCES TO AFORESAID OBJECTIONABLE AREAS AND DEFENDANT WAS PREJUDICED BY THE INTRODUCTION OF THIS TESTIMONY/EVIDENCE SUCH THAT HE IS ENTITLED TO A NEW TRIAL.

B. WHETHER APPELLANT RAISED A GENUINE ISSUE OF FACT IN AMENDED PCRA PETITION, IF RESOLVED IN HIS FAVOR, WOULD HAVE ENTITLED HIM TO RELIEF OR THAT THE COURT OTHERWISE ABUSED ITS DISCRETION IN DENYING PCRA HEARING WHEN TRIAL COUNSEL FAILED TO OBJECT, REQUEST A MISTRIAL AND/OR SEEK A CURATIVE INSTRUCTION DUE TO PROSECUTORIAL MISCONDUCT DURING CLOSING ARGUMENT BY THE COMMONWEALTH WHEN PROSECUTOR PRESENTED PERSONAL OPINION IN THE FORM OF CALLING DEFENDANT A LIAR AND ALL COMMONWEALTH WITNESSES ARE NOT LIARS. THE AFOREMENTIONED TRIAL ATTORNEY OMISSIONS WERE OF ARGUABLE MERIT, THERE WAS NO REASONABLE BASIS FOR NOT OBJECTING, REQUESTING A MISTRIAL AND/OR SEEKING A CURATIVE INSTRUCTION DUE TO THE PROSECUTORIAL MISCONDUCT AND DEFENDANT WAS PREJUDICED BY THIS COMMONWEALTH CLOSING ARGUMENT SUCH THAT HE IS ENTITLED TO A NEW TRIAL.

C. WHETHER APPELLANT RAISED A GENUINE ISSUE OF FACT IN AMENDED PCRA PETITION, IF RESOLVED IN HIS FAVOR, WOULD HAVE ENTITLED HIM TO RELIEF OR THAT THE COURT OTHERWISE ABUSED ITS DISCRETION IN DENYING PCRA HEARING WHEN TRIAL COUNSEL'S FAILURE TO OBJECT, SEEK A

CAUTIONARY/CURATIVE INSTRUCTION, FILE A *MOTION IN LIMINE* AND/OR SEEK A MISTRIAL DUE TO REPEATED REFERENCES TO DEFENDANT'S PRIOR BAD ACTS AND THE PROSECUTORIAL MISCONDUCT IN THE FORM OF PERSONAL OPINION DURING CLOSING ARGUMENT HAD THE CUMULATIVE EFFECT OF PREJUDICE TO DEFENDANT. THE AFOREMENTIONED TRIAL ATTORNEY OMISSIONS WERE OF ARGUABLE MERIT, AS THERE WAS NO REASONABLE BASIS FOR NOT OBJECTING, SEEKING A CURATIVE/CAUTIONARY INSTRUCTION, FILING A MOTION IN LIMINE, DEMANDING A COMMONWEALTH RULE 404(B)(3) MOTION OR SEEKING A MISTRIAL. DEFENDANT WAS PREJUDICED BY THE CUMULATIVE EFFECT OF THE AFORESAID TRIAL ATTORNEY OMISSIONS SUCH THAT HE IS ENTITLED TO A NEW TRIAL.

Brief for Appellant at 1-3.

When reviewing an order denying PCRA relief, this Court must discern whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa.Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa.Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.** (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa.Super. 2001)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him."

[*Commonwealth v.*] *Colavita,* 606 Pa. [1,] 21, 993 A.2d [874,] 886 [ (Pa. 2010) ] (citing *Strickland*[ *v. Washington*, 104 S.Ct. 2053 (1984)] ). In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry. *See* [*Commonwealth v.*] *Pierce,* [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson,* [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. *See Ali, supra.* Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Colavita,* 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. King*, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). " '[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.' " *Ali,* 608 Pa. at 86–87, 10 A.3d at 291 (quoting *Commonwealth v. Collins,* 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052)).

*Commonwealth v. Spotz*, 624 Pa. 4, 33-34, 84 A.3d 294, 311-12 (2014).

After careful review of the parties' briefs, the certified record on appeal, and relevant case law, we conclude that the trial court's opinion, authored by Judge Donald R. Totaro, cogently disposes of each issue Appellant has raised on appeal. We, therefore, affirm the trial court's Order denying Appellant's PCRA petition without a hearing and adopt the well-reasoned opinion of the

trial court as the decision of this Court. We direct that a copy of the trial court's September 18, 2017, Opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/19/2018

OCTOBER 13, 2017
RE: LARRY J. ROWE
CP CR NO: CP-36-CR-0002181-2015
SUPERIOR CR NO: 1263 MDA 2017

INDEX OF RECORD – OPINION

1.  INDEX OF RECORD

2.  OPINION

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**CRIMINAL**

COMMONWEALTH OF PENNSYLVANIA      :
                                     :     No.     1263 MDA 2017

vs.                                 :

                                        :     No.     CP-36-CR-0002181-2015

LARRY J. ROWE                         :

**PA R.A.P. 1925 OPINION**

BY TOTARO, J.

      Before the Superior Court of Pennsylvania is an appeal from an order entered on July 11,

2017, dismissing the Amended Petition for Post-Conviction Relief Pursuant to the Post-

Conviction Relief Act ("PCRA"), filed by Randall L. Miller, Esquire ("PCRA counsel"), on

behalf of Larry J. Rowe ("Appellant"). On August 10, 2017, Appellant filed a Notice of Appeal.

For the reasons that follow, the appeal should be denied.

**PROCEDURAL AND FACTUAL BACKGROUND**

      On April 2, 2015, while state parole agents were executing an arrest warrant for

Appellant at 234 E. Fulton Street #1, Lancaster, Pennsylvania, officers observed a marijuana

pipe, clear plastic bag containing marijuana, and copper mesh wire in plain view. *See* Search

Warrant Affidavit of Probable Cause. While securing the residence, officers also saw in plain

view a box of clear plastic baggies in the bedroom and a pizza box in the kitchen with a delivery

label marked "31 Mar 15, Larry ROWE, 234 E Fulton St. apt # 1 ph # 717-406-5039." *Id.*

Based on this information, a search warrant was obtained for the residence, at which time officers

found a Sig Sauer .380 semi-automatic handgun with one round in the chamber and a magazine

holding five additional rounds of ammunition. *See* Receipt/Inventory of Seized Property.

On April 8, 2015, Appellant was charged with persons not to possess, use, manufacture, control, sell, or transfer a firearm; receiving stolen property; possession of oxycontin; possession of diazepam; possession of marijuana; and possession of drug paraphernalia. *See* Police Criminal Complaint.[1] According to charging documents, Appellant was the sole occupant of the first floor living area where the firearm was found and he was prohibited from possessing a firearm due to a prior burglary conviction in 2002. *See* Affidavit of Probable Cause.

On May 11, 2016, following a suppression hearing,[2] Appellant proceeded to trial by jury on the sole count of persons not to possess, use, manufacture, control, sell, or transfer a firearm. (Notes of Testimony at 4-5) (hereinafter "N.T."). Appellant was found guilty. *Id.* at 359. On July 27, 2016, after completion of a pre-sentence investigation report, Appellant was ordered to undergo imprisonment in the state correctional institution for a period of not less than five years nor more than ten years, which was within the standard range of the sentencing guidelines. *See* Sentencing Guidelines Worksheet; Sentencing Order. The remaining counts were dismissed. *See* Sentencing Order.

On August 5, 2016, trial counsel filed a post-sentence motion alleging that the evidence was insufficient to support the conviction and the guilty verdict was against the weight of the

---

[1] 18 Pa.C.S.A. § 6105(a)(1); 18 Pa.C.S.A. § 3925(a); 35 P.S. § 780-113(a)(16); 35 P.S. § 780-113(a)(16); 35 P.S. § 780-113(a)(31); 35 P.S. § 780-113(a)(32); respectively.

[2] On December 17, 2015, Michael V. Marinaro, Esquire ("trial counsel") filed an Omnibus Pretrial Motion and Motion to Suppress Evidence alleging the residence was unlawfully searched while police were executing an arrest warrant on Appellant, and therefore any items observed during execution of the arrest warrant or items seized based on the subsequent illegal search warrant should be suppressed. *See* Omnibus Pretrial Motion. Following the suppression hearing, the court found that officers were properly in the residence to execute an arrest warrant on Appellant when they saw contraband in plain view, and from those observations the officers had sufficient probable cause to obtain a search warrant for the residence. (Notes of Testimony, Suppression Hearing at 81-87). Thus, Appellant's Motion was denied. *Id.* at 87.

evidence. *See* Motion. The Motion also requested a modification of sentence. *Id.* That motion was denied on August 8, 2016. *See* 8/8/16 Order. On August 12, 2016, trial counsel filed a Motion to Withdraw as Counsel, which was granted on August 18, 2016. *See* Motion; 8/18/16 Order. On September 7, 2016, MaryJean Glick, Esquire ("appellate counsel") filed a Notice of Appeal to the Superior Court of Pennsylvania, and on September 28, 2016, counsel filed a Statement of Errors Complained of on Appeal alleging the trial court erred in denying Appellant's suppression motion. *See* Statement. On October 14, 2016, the appeal was discontinued. *See* Notice of Discontinuance of Action.

On January 12, 2017, Appellant timely filed a *pro se* PCRA motion.[3] PCRA counsel was appointed on January 20, 2017, and counsel filed an amended PCRA petition on March 21, 2017 alleging that trial counsel provided ineffective assistance for failing to: (1) object, seek a cautionary instruction, file a *motion in limine*, or seek a mistrial due to repeated references to Appellant's prior bad acts and prison status; (2) object, request a mistrial, or seek a cautionary instruction due to prosecutorial misconduct during closing argument in the form of personal opinion; (3) make a motion for a demurrer or directed verdict of acquittal; (4) object, file a *motion in limine*, or seek a cautionary instruction regarding Appellant's predicate prior convictions for burglary and felony drugs, and deliberately questioning Appellant on said convictions; and (5) object to the trial court's written submission of jury instructions to the jury. *See* Amended Petition for Post-Conviction Relief Pursuant to the Post-Conviction Relief Act.

---

[3] In his *pro se* Motion, Appellant alleged trial counsel provided ineffective assistance of counsel for "failing to object to an illegal search and seizure where the search warrant video clearly establishes that the police officers could not have viewed the contents of the bag that served as a basis for the search warrant without first opening the bag illegally[.]" *See* PCRA Motion. Appellant further alleged trial counsel was ineffective for failing to object to the court's instruction on constructive possession. *Id.*

3

Pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, this court conducted an independent review of the record and concluded the amended PCRA petition was patently frivolous, the allegations were not supported by the record, and there were no genuine issues concerning any material fact. Therefore, on June 9, 2017, the court provided notice of its intent to dismiss Appellant's amended petition without a hearing for the reasons stated therein. *See* Rule 907 Notice. On July 11, 2017, after reviewing Appellant's Motion for Reconsideration of Rule 907 Notice and determining it did not contain anything new for the court's consideration that would result in a change to the findings as detailed in the Rule 907 Notice, the court entered an order denying the amended PCRA petition. *See* 7/11/17 Order.

On August 10, 2017, Appellant filed a Notice of Appeal to the Superior Court of Pennsylvania. A Statement of Errors Complained of on Appeal ("Statement") was filed on August 31, 2017, alleging the PCRA court's decision to dismiss Appellant's amended PCRA petition without a hearing was an abuse of discretion because: (1) trial counsel failed to object, seek a cautionary instruction, file a *motion in limine*, and/or seek a mistrial due to repeated references to Appellant's prior bad acts, parolee status, and prison status during trial; (2) trial counsel failed to object, request a mistrial, and/or seek a curative instruction due to alleged prosecutorial misconduct during closing argument by the Commonwealth in the form of personal opinion; and (3) trial counsel's failure to object, seek a cautionary/curative instruction, file a *motion in limine*, and/or seek a mistrial due to repeated references to Appellant's prior bad acts and the prosecutorial misconduct in the form of personal opinion during closing argument had the cumulative effect of prejudice to Appellant. *See* Statement. This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

4

## DISCUSSION

To obtain relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that: (1) he has been convicted of a crime under the laws of this Commonwealth and is currently serving a sentence of imprisonment, probation or parole for that crime; (2) the conviction resulted from one or more of the statutorily enumerated errors; (3) the allegation of error has not been previously litigated or waived; and (4) the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. 42 Pa.C.S.A. § 9543.

Ineffective assistance of counsel is a statutorily enumerated error under the PCRA. 42 Pa.C.S.A. § 9543 (a)(2)(ii). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "(1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; **and** (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Lambert*, 797 A.2d 232, 243 (Pa. 2001) (emphasis added); *see also Strickland v. Washington*, 466 U.S. 668 (1984). Defense counsel is presumed to be effective, and the burden of proving constitutional ineffectiveness of counsel rests on a defendant. *Commonwealth v. Burno*, 94 A.3d 956, 972 (Pa. 2014). The failure by a petitioner to address any of the three prongs will defeat an ineffective assistance of counsel claim. *Commonwealth v. Walker*, 36 A.3d 1, 7 (Pa. 2011).

A court is not required to analyze the elements of an ineffective assistance of counsel claim in any particular order, but may proceed first to any element of the test where a claim may fail. *Commonwealth v. Hannibal*, 156 A.3d 197, 207 (Pa. 2016). If the court begins by

5

determining the underlying claim is meritless, trial counsel may not be found ineffective and there is no need to evaluate the other required elements of ineffective assistance of counsel. *Id.*

When determining whether the underlying claim is of arguable merit, the threshold inquiry is whether the issue/argument/tactic which forms the basis for the assertion of ineffectiveness is of arguable merit. *Commonwealth v. Smith*, ___ A.3d ___ (Pa. Super. 2017). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Id.* (quoting *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa. Super. 2004).

When determining whether the particular course of conduct chosen by counsel had a reasonable basis designed to effectuate a defendant's interest, counsel is given broad discretion to determine trial tactics and strategy. *Commonwealth v. Fowler*, 703 A.2d 1027, 1029 (Pa. 1997). "An evaluation of counsel's performance is highly deferential, and the reasonableness of counsel's decisions cannot be based on the distorting effects of hindsight." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa. Super. 2016) (quoting *Commonwealth v. Saranchak*, 866 A.2d 292, 304 (Pa. 2005). A PCRA petitioner must prove, at a minimum, that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Johnson*, 139 A.3d 1257, 1276 (Pa. 2016). Boilerplate allegations and bald assertions are not sufficient. *Commonwealth v. Paddy*, 15 A.3d 431, 443 (Pa. 2011). The applicable test is not whether alternative strategies were more reasonable employing a hindsight evaluation of the record, but whether counsel's decision had any reasonable basis to advance the petitioner's interests. *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015).

When determining whether there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's alleged ineffectiveness, a petitioner

6

must establish resulting prejudice or the claim will fail. *Commonwealth v. Miller*, 987 A.2d 638, 648-49 (Pa. 2009). A reasonable probability that the result would have been different is a probability that is sufficient to undermine confidence in the outcome of the proceedings. *Burno*, 94 A.3d at 972. A petitioner must show that ineffective assistance of counsel so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Whitney*, 708 A.2d 471, 475 (Pa. 1998). Unsupported speculation will not suffice. *Commonwealth v. Reid*, 99 A.3d 427, 468 (Pa. 2014).

Finally, while Appellant alleges the PCRA court abused its discretion by dismissing the amended PCRA petition without a hearing, a PCRA court is only required to hold a hearing where the petition or the Commonwealth's answer raises an issue of material fact. *Commonwealth v. Eichinger*, 108 A.3d 821, 849 (Pa. 2014). In *Commonwealth v. Brown*, ___ A.3d ___ (Pa. Super. 2017), where the PCRA court denied an appellant's amended PCRA petition without an evidentiary hearing on a claim of ineffective assistance of counsel after finding the issues presented therein lacked arguable merit, the Superior Court held that no further purpose would have been served by an evidentiary hearing because appellant presented no issues of material fact. *Id.* In *Hannibal, supra*, the Supreme Court held that "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." 156 A.3d at 207 (quoting *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004); *see also* Pa.R.Crim.P. 907(1).[4]

---

[4] In responding to Appellant's amended PCRA petition, the Commonwealth initially agreed an evidentiary hearing should be held on Appellant's claim that trial counsel was ineffective for failing to object, seek a curative instruction, file a *motion in limine*, and/or seek a mistrial in relation to evidence of

7

**I.**      **Appellant is not entitled to relief based on trial counsel's failure to object, seek a cautionary instruction, file a *motion in limine*, and/or seek a mistrial due to repeated references to Appellant's prior bad acts, parolee status, and prison status during trial.**

Evidence of prior bad acts is not admissible to prove character or to show conduct in conformity with that character. *Commonwealth v. Busanet*, 54 A.3d 35, 60 (Pa. 2012). However, evidence of other crimes may be relevant and admissible where such evidence was part of the chain or sequence of events which became part of the history of the case, and formed part of the natural development of the facts. *Commonwealth v. Green*, 76 A.3d 575, 583-84 (Pa. Super. 2013). This evidence is admissible to complete the story of the crime on trial, by proving its immediate context of happenings near in time and place. *Commonwealth v. Perkins*, 546 A.2d 42, 46 (Pa. 1988).

There is no need to sanitize the evidence so as to deprive the Commonwealth of their ability to prove a defendant's guilt beyond a reasonable doubt. *Commonwealth v. McCutchen*, 454 A.2d 547, 549 (Pa. 1982). Evidence of other crimes is not precluded merely because it prejudices the defense. *Commonwealth v. Brown*, 414 A.2d 70, 75 (Pa. 1980). All evidence of guilt is prejudicial to the defense, and the rules of evidence only prohibit unfair prejudice. *Commonwealth v. Hairston*, 84 A.3d 657, 670 (Pa. 2014). In *Commonwealth v. Robinson*, 480 A.2d 1229 (Pa. Super. 1984), there was no abuse of discretion in admitting prior bad acts evidence under the natural development of facts exception where reference to prior criminal conduct was necessary to complete the picture, was not offered to prove a general criminal disposition, and the Commonwealth did not attempt to establish details. *Id.* at 1232-33.

---

Appellant's prior bad acts. *See* Commonwealth's Answer. However, the Commonwealth then asserted that a hearing would show the issue was lacking in merit. *Id.* As such, the Commonwealth did not raise an issue of material fact or acknowledge that Appellant had raised an issue of material fact.

8

In the instant case, Appellant complains his state parole agent testified that Appellant absconded, missed appointments, and could not be found at his approved address. Appellant also objects to reference to his drug use by his parole officer, the trip to York County Prison after his arrest, incarceration in Lancaster County Prison, items found in the house during the arrest and search which appeared to be connected to criminal activity, and the fact that the firearm he was charged with possessing was stolen. However, all of the above were part of the chain or sequence of events that formed the history of this case and were part of its natural development.[5]

The search for Appellant began because he was on parole, he missed appointments, he was no longer living at his approved residence, his whereabouts were unknown, and he was using drugs. (N.T. at 49-55, 61-63, 68-70). Consequently, an arrest warrant was issued for violating parole, not for new criminal charges. *Id.* at 52-53. Appellant's conduct in this regard was part of the chain of events that formed the history of this case and explained why officers were at the residence to arrest Appellant when the firearm was found. Without this information, the jury would be left to speculate as to why police were at the residence and question whether their conduct was lawful. The testimony that Appellant was not living at his approved residence was also relevant to prove his constructive possession of the firearm, by showing circumstantially that he was more than just a visitor to the house where the firearm was found.[6]

In *Commonwealth v. Miller*, 450 A.2d 40 (Pa. Super. 1982), the Superior Court held that evidence of a defendant's arrest by a parole officer for parole violations was admissible to

---

[5] An ineffectiveness claim rooted in trial counsel's failure to file a *motion in limine* is patently frivolous when the evidence is probative. *Commonwealth v. Copenhefer*, 719 A.2d 242, 254 (Pa. 1998).

[6] Appellant testified that he was living at his approved address and was a visitor to 234 E. Fulton Street, #1, when the gun was found. (N.T. at 293-97).

9

demonstrate the circumstances surrounding the arrest, and to place the charge of resisting arrest in its proper context. *Id.* at 43-44. Moreover, testimony from a parole officer that he knew the defendant did not prejudice the defendant even though the testimony may have implied the defendant had a prior criminal record. *Commonwealth v. Carpenter*, 515 A.2d 531, 534 (Pa. 1986). As such, this evidence was relevant and admissible in the present case.

During Appellant's arrest police found marijuana and a marijuana pipe in plain view, which was used to obtain a search warrant for the residence. (N.T. at 99, 113-16). While executing the search warrant, the firearm in question was found. *Id.* at 116, 162-63. Finding those items was admissible to establish the sequence of events, natural development of the case, complete the story of the crime on trial, and provide context for the reason police obtained a search warrant which led to discovery of the firearm. In *Commonwealth v. Johnson*, 849 A.2d 1236 (Pa. Super. 2004), a gun found during a proper inventory search was admissible where the defendant was arrested for marijuana found in plain view. *Id.* at 1238-39. Likewise, drugs and drug paraphernalia found in plain view during execution of the arrest warrant are admissible to explain why police obtained the search warrant which led to discovery of the firearm.

Assuming, *arguendo*, Appellant's drug use or possession of items connected to drug use did not form the history of this case, counsel's failure to object did not prejudice Appellant because the references were infrequent and innocuous in the context of the overall trial. *See Commonwealth v. King*, 57 A.3d 607, 624-25 (Pa. 2012). In explaining why police obtained a search warrant, witnesses testified to items connected to criminal activity found in the house. (N.T. at 99, 113, 137, 155, 266). In response to trial counsel's question intending to show Appellant was wanted for technical violations rather than new charges, the parole agent

10

explained she also had problems with his repeated drug use. *Id.* at 61-63, 69-70. Appellant was never questioned about his drug use or the drugs found at the residence. *Id.* at 272-86, 293-300.

Identifying the firearm as stolen was relevant and admissible in the present case to dispel any notion that the firearm lawfully belonged to the owner of the residence or any other occupant.[7] *See generally Commonwealth v. Corradino*, 588 A.2d 936, 937 (Pa. Super. 1991) (whether a gun was reported stolen was relevant involving the charge of violating the Uniform Firearms Act because if it had not been stolen it was more likely that appellant had violated the statute). Assuming, *arguendo*, reference to the firearm as being stolen was not part of the chain or sequence of events that formed the history of this case and was not part of its natural development, just because Appellant was in possession of the firearm does not automatically lead to the conclusion that he is the one who stole the firearm, and the Commonwealth never made such an inference. Counsel is not ineffective for failing to object to mere passing references to criminal activity where evidence of guilt is overwhelming such that no prejudice results from the references. *Commonwealth v. Blystone*, 725 A.2d 1197, 1204-05 (Pa. 1999).

Although there was testimony that police obtained a DNA sample from Appellant while he was in Lancaster County Prison, in order to determine whether his DNA was on the firearm in question,[8] there is no rule prohibiting reference to a defendant's current incarceration while awaiting trial for the crimes charged. *Commonwealth v. Johnson*, 838 A.2d 663, 680 (Pa. 2003).

---

[7] Detective Eric McCrady, LCBP, testified that the firearm was stolen on August 8, 2012. (N.T. at 167). In his testimony, Appellant identified a large number of individuals who either lived at or visited the residence at 234 E. Fulton Street, #1, Lancaster, Pennsylvania, in an attempt to suggest the firearm in question belonged to someone other than himself. *Id.* at 276-84.

[8] (N.T. at 121-23, 270-71).

11

In *Commonwealth v. Horne*, 89 A.3d 277 (Pa. Super. 2014), the Superior Court held the trial court did not abuse its discretion in admitting testimony that the defendant was incarcerated because the testimony was not unduly prejudicial and the jury could reasonably infer the defendant was incarcerated on the instant charges rather than some previous offense. *Id.* at 284; *see also Copenhefer*, 719 A.2d at 253 (Supreme Court rejected the appellant's argument that trial counsel was ineffective for failing to object to a prosecutor's comments that allegedly allowed the jury to infer he was incarcerated on prior unrelated criminal misconduct rather than on the pending charges).

Regarding the limited reference to Appellant's incarceration in York County Prison for the probation violation after his arrest on this charge,[9] the Supreme Court has held that no reference may generally be made to a defendant's prior arrests or incarceration. *Johnson*, 838 A.2d at 680. However, evidence of incarceration for prior offenses was admissible where a defendant who escaped from prison was subsequently charged with additional crimes, because this was part of the history of the event on trial and was part of its natural development. *Commonwealth v. Detrie*, 397 A.2d 2, 3-4 (Pa. Super. 1979). Presently, Appellant's prior criminal convictions for burglary and felony drug offenses were properly before the jury to establish a violation of 18 Pa.C.S.A. § 6105, and the court gave cautionary instructions on the limited use of those prior convictions. (N.T. at 268-69, 345-47). Thus, Appellant was not prejudiced if the jury believed he was incarcerated for violating parole on those prior offenses.

In response to PCRA counsel's assertion that trial counsel should have requested a general curative instruction, counsel's failure to request a cautionary instruction regarding

---

[9] (N.T. at 59-60, 89).

12

evidence of other crimes or prior bad acts does not constitute per se ineffectiveness, but rather a defendant must still satisfy each of the three prongs of the test for ineffective assistance of counsel. *Commonwealth v. Weiss*, 81 A.3d 767, 798 (Pa. 2013). In *Commonwealth v. Solano*, 129 A.3d 1156 (Pa. 2015), defense counsel did not provide ineffective assistance by failing to ask for a curative instruction regarding a comment about the defendant's prior charges where the reference was fleeting and counsel could have wished to downplay it rather than bringing it to the jury's attention. *Id.* at 1178. In *Commonwealth v. Hutchinson*, 25 A.3d 277 (Pa. 2011), there was no merit to a claim of ineffective assistance of counsel where the bad acts evidence appellant complained of were not graphic, inflammatory, or extensive. *Id.* at 306. In the present case the references were fleeting and they were not graphic, inflammatory, or extensive. Therefore, trial counsel was not ineffective for declining to ask for a curative instruction.

As to PCRA counsel's argument that trial counsel should have requested a mistrial, a motion for mistrial is appropriate "where the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial." *Commonwealth v. Jones*, 668 A.2d 491, 503 (Pa. 1995). A trial is impartial or unfair where an event forms in the jurors' minds "a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict." *Commonwealth v. Chmiel*, 889 A.2d 501, 542 (Pa. 2005) (internal quotation and citation omitted). In this case, the alleged prejudicial testimony did not deprive Appellant of a fair and impartial trial, nor form in the jurors' minds a fixed bias or hostility toward Appellant that impeded their ability to weigh the evidence objectively, as evidenced by the fact that the jury did not return with a quick verdict of guilty, but rather requested further clarification in the law through verbal and then written instructions. (N.T. at 353-58).

13

In the case *sub judice*, the testimony Appellant believes to be objectionable was probative as part of the history of the case. Moreover, it was not offered to prove Appellant's general criminal disposition, the Commonwealth did not attempt to establish details, and it was fleeting. Therefore, Appellant has failed to show that his underlying claim is of arguable merit.

Even if Appellant has established his underlying claim is of arguable merit, he has failed to show there is a reasonable probability the outcome of the proceedings would have been different but for counsel's ineffectiveness. Trooper Richard Drum of the Pennsylvania State Police testified that he entered the residence of 234 East Fulton Street, Lancaster, Pennsylvania, on April 2, 2015, and found Appellant alone in a bedroom on the first floor. (N.T. at 95-96). Appellant was laying in bed sleeping with his head on a pillow. *Id.* at 97-99. State parole agent Larry Smith testified that when he arrived at the residence he went into a bedroom where he observed Appellant in the custody of Trooper Drum. *Id.* at 86-88. No one other than Appellant and police officers were in the bedroom at that time. *Id.* at 59, 90, 299.

John McNabb testified that he was the owner of the residence at 234 East Fulton Street, Lancaster, Pennsylvania, and Appellant lived on the first floor. (N.T. at 73-75). Officer Andrew Mease of the Lancaster City Bureau of Police ("LCBP") testified he was aware that Appellant had been living at 234 East Fulton Street, Lancaster, Pennsylvania, during March and early April of 2015. *Id.* at 112. Police found a Pennsylvania identification card belonging to Appellant in the residence, although they did not recall where it was found. (N.T. at 118-19, 131; Commonwealth Exhibit #4). Police also found a pizza box in the kitchen with a delivery label dated March 31, 2015, the address of 234 E Fulton St. Apt #1, and Appellant's name on the label. (N.T. at 119-20, 131; Commonwealth Exhibit #5).

14

On April 2, 2015, Officer Adam Flurry (LCBP) responded to 234 East Fulton Street, Lancaster, Pennsylvania, and secured the residence until police could obtain a search warrant. (N.T. at 137). According to Officer Flurry, no one entered or exited the specific area where the search warrant was later executed or the gun was found. *Id.* at 138-39. Shortly thereafter, Officer Mease secured a search warrant for the residence. *Id.* at 113-15.

After the search warrant was obtained, Detective Eric McCrady (LCBP) participated in a search of the residence. (N.T. at 161). While searching the bedroom where Appellant was previously located, McCrady found a metallic purple Sig Sauer .380 caliber pistol on the bed where Drum indicated Appellant had been sleeping, which was tucked under the blue pillow where Drum testified Appellant had his head. *Id.* at 162. Five rounds were in the magazine and one round was seated in the chamber ready to be fired. *Id.* at 163-64.

Officer James Boas testified that Appellant had prior convictions for delivery of cocaine, delivery of marijuana, and burglary. (N.T. at 266-67). Counsel also stipulated to those convictions, and the court instructed the jury that they were to consider these prior convictions only as proof of an element of the specific crime of person not to possess or control a firearm. *Id.* at 268-69. These convictions rendered Appellant ineligible to possess a firearm. *Id.* at 270.

After discounting all testimony Appellant finds to be objectionable, this properly admitted evidence did prove beyond a reasonable doubt that Appellant was in constructive possession of the firearm. Appellant was alone in a bedroom where the firearm was found, police found the firearm in the bed where Appellant was sleeping, and the firearm was located underneath the pillow where Appellant was resting his head. Furthermore, Appellant was not allowed to possess that firearm due to his previous convictions for burglary and felony drug

15

distribution. Therefore, Appellant has failed to show that but for counsel's ineffectiveness there is a reasonable probability the outcome of the proceedings would have been different.

**II.      Appellant is not entitled to relief based on trial counsel's failure to object, request a mistrial, and/or seek a curative instruction due to alleged prosecutorial misconduct during closing argument by the Commonwealth in the form of personal opinion.**

Appellant claims the prosecutor engaged in prosecutorial misconduct by expressing her personal belief as to witness credibility. *See* Statement. To succeed on this claim, Appellant must demonstrate the prosecutor's actions violated a statutorily or constitutionally protected right such as the privilege against compulsory self-incrimination, fair trial, or due process. *Busanet*, 54 A.3d at 64. To constitute a due process violation, "the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Id.*

The prosecutor in the present case told the jury in summation that it was up to them to decide the credibility of witnesses. (N.T. at 325-26). In determining Appellant's truthfulness, she told the jury they may consider his prior burglary conviction as a crime of dishonesty. *Id.* at 325. The prosecutor then stated, "I mean, he has every purpose to be -- to lie here today. Every purpose. Every witness I put on there, no reason to lie whatsoever about any of this." *Id.* at 326. The court then provided the following instruction to the jury pursuant to Pa. SSJI (Crim) 3.09:

> The defendant took the witness stand in this case as a witness. In considering the defendant's testimony, you are to follow the general instructions I already gave you for judging the credibility of any witness. You should not disbelieve the defendant's testimony merely because he is the defendant. In weighing his testimony, however, you may consider the fact that he has a vital interest in the outcome of this trial. You may take the defendant's interest into account just as you would the interest of any other witness along with all other facts and circumstances bearing on credibility in deciding what weight his testimony deserves.

(N.T. at 341-42).

16

The prosecutor did not offer her personal opinion on the credibility of Appellant or any other witness. Rather, the prosecutor's comments were made in the context of summarizing the law on credibility, how crimen falsi crimes may be used in assessing credibility, and how the jury may consider Appellant's vital interest in the outcome of the trial when determining whether he was being truthful. As such, this argument did not violate a constitutionally or statutorily protected right and counsel will not be deemed ineffective for failing to raise a meritless claim.[10]

Assuming, *arguendo*, the prosecutor's comments were prejudicial, a defendant must show the prejudice was not cured by the court's instructions, counsel did not have a reason for not objecting to the remarks, and counsel's failure to object denied the defendant a fair trial. *Commonwealth v. Thompson*, 660 A.2d 68, 75 (Pa. Super. 1995). The prejudicial effect of remarks can be cured by a trial court's instruction to the jury that counsel's closing arguments are not evidence. *Id.* at 76. Presently, the trial court instructed the jury on two separate occasions that counsel's closing arguments were not to be considered as evidence. (N.T. at 301, 344-45). Therefore, any prejudicial effect of the remarks was cured by the trial court's instruction.

**III.    Appellant is not entitled to relief based on the cumulative effect of alleged prejudice from trial counsel's failure to object, seek a cautionary instruction, file a *motion in limine*, and/or seek a mistrial due to references to Appellant's prior bad acts or prosecutorial misconduct in the form of personal opinion during closing argument.**

Appellant argues that trial counsel's failure to object, seek a cautionary instruction, file a *motion in limine*, and/or seek a mistrial due to repeated references to Appellant's prior bad acts

---

[10] In *Commonwealth v. Graham*, 560 A.2d 129 (Pa. 1989), counsel was not ineffective for failing to object when the prosecutor expressed his personal opinion about the credibility of the defendant during closing argument. *Id.* at 132-33. Moreover, trial counsel was not ineffective for failing to object to the prosecutor's closing argument because the prosecutor may comment on the credibility of witnesses. *Commonwealth v. Lawrence*, ___ A.3d ___ , (Pa. Super. 2017).

17

and prosecutorial misconduct in the form of personal opinion during closing argument had the cumulative effect of prejudice to Appellant. *See* Statement.

If counsel is found to be ineffective in more than one instance, the question of whether prejudice resulted may be tallied cumulatively. *Commonwealth v. Johnson*, 139 A.3d 1257, 1287-88 (Pa. 2016). However, no number of failed claims may collectively warrant relief if they fail to do it individually. *Id.* at 1287. Furthermore, even where there is prejudice in one out of seven claims of ineffectiveness, there is no cumulation of prejudice to consider and the appellant will not be entitled to relief. *Lawrence, supra*.

In the instant case, because trial counsel was not ineffective in any individual instance, all of Appellant's failed claims collectively cannot warrant relief. Assuming, *arguendo*, trial counsel did provide ineffective assistance of counsel regarding prior bad acts, Appellant is not entitled to relief where there was ineffective assistance in just one of his claims for which there was no resulting prejudice. Therefore, Appellant's claim in this regard must be denied.

## CONCLUSION

Based on a thorough review of the record, the PCRA court properly concluded that Appellant's amended PCRA motion was patently frivolous, the allegations were not supported by the record, and there were no genuine issues concerning any material fact. Moreover, a hearing was not necessary to make such a determination. Consequently, this appeal should be denied and the PCRA court should be affirmed.

BY THE COURT

_____September 18, 2017_____  
DATE

_Donald R. Totaro_ _____  
DONALD R. TOTARO, JUDGE

18

ATTEST:

Copies:        Amara M. Riley, Esquire, Assistant District Attorney
Randall L. Miller, Esquire, Counsel for Appellant

19